# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSON, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01473 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 12, 2013. She names numerous supervisory personnel and medical staff at Central California Women's Facility as Defendants.[1]

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 16, 2013.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Central California Women's Facility in Chowchilla, California, where the events at issue occurred.

The Court is unable to fully analyze Plaintiff's complaint in an efficient manner for the reasons discussed below, and it will therefore not include a full summary of Plaintiff's allegations.  Plaintiff's complaint generally relates to medical treatment she received while incarcerated from approximately 1998 through 2013.

**C.**     **ANALYSIS**

1.     Rule 8

As noted above, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).

2

Plaintiff's complaint is approximately 69 pages, with over 700 pages of exhibits. She uses over 50 pages of the complaint to list, in detail, her medical treatment since 1998. The complaint therefore fails to comply with Rule 8 and the Court cannot adequately analyzing Plaintiff's claims.

The Court will not sort through Plaintiff's lengthy complaint to extract the facts necessary to state an Eighth Amendment claim against each Defendant. While Plaintiff may support her claims with exhibits, she is not required to do so. If she chooses to do so, the inclusion of those exhibits does not relieve Plaintiff of her duty to set forth factual allegations linking each Defendant to the actions or omissions which she believes demonstrate a violation of her rights.

While it is certainly possible that Plaintiff may be able to state an Eighth Amendment claim, the Court cannot determine whether she has done so because of the nature of her pleading.

The Court will permit Plaintiff to amend, and provides the following standards for Plaintiff's information.

2.     Linkage and Supervisory Defendants

As explained above, Plaintiff must demonstrate that each defendant personally participated in the alleged deprivation of his rights. Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Although it appears that Plaintiff tried to state her legal claims in approximately 5 of the 70-plus pages, she does not include each named Defendant in those allegations. If Plaintiff amends, she must clearly state how each Defendant is involved in her medical care.

Moreover, Plaintiff names at least three Defendants who appear to be involved in supervisory roles. Though she cites "policies and procedures" in her complaint, conclusory allegations will not suffice. Plaintiff must specifically explain how these Defendants were involved in her medical care. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

  3. Eighth Amendment Deliberate Indifference

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Moreover, a difference of opinion between medical personnel regarding treatment, without more, does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### 4. Appeals

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. In the context of a medical appeal, Plaintiff must first state a viable claim against a health care provider before he can state a claim against any individual involved in the health care appeals process.

## D. CONCLUSION AND ORDER

The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3. **Plaintiff's amended complaint SHALL be limited to 25 pages, excluding exhibits; and**

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **March 5, 2014**                         /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE