# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSON, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01473 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(Document 32) |

Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 12, 2013.[1] Pursuant to Court order, Plaintiff filed a First Amended Complaint on May 5, 2014, and a Second Amended Complaint ("SAC") on February 23, 2015.

The Court screened the SAC on April 27, 2015, and ordered Plaintiff to either file an amended complaint or notify the Court of her willingness only to proceed on the cognizable claims.

On May 12, 2015, the Court granted Plaintiff an additional thirty (30) days to comply with the order.

On April 6, 2015, Plaintiff filed a motion for a preliminary injunction and/or temporary restraining order. Plaintiff seeks an order requiring Defendants to follow a specific course of pain management.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 16, 2013.

1

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).

At this stage in the proceedings, Plaintiff has not informed the Court whether she is proceeding on the cognizable Eighth Amendment claims, or whether she will submit an amended complaint. As a result, no Defendants have been served or made an appearance. "[A] court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Whatever merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the Defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

Moreover, Plaintiff names Dr. Mundunuri in her request, but Dr. Mundunuri is not a party to this action. The Court would therefore not have jurisdiction over Dr. Mundunuri to order any relief.

Finally, Plaintiff is reminded that requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Even if the Court has jurisdiction over a Defendant, it is unlikely that the Court could compel a party to take a specific course of treatment, i.e., "order Neurontin at 900 mg A.M. and noon and 1200 mg PM with Tylenol #3 one or two three times daily (TID) and non formulatory (NFR) for both medications be approved for 12 months as originally requested. . ." ECF No. 32, at 5.

For these reasons, Plaintiff's request is DENIED.

IT IS SO ORDERED.

Dated: **May 29, 2015**         /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE