# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHNSON, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01473 DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO DIRECT ALL DEFENDANTS TO ANSWER COMPLAINT<br><br>(Document 67) |

Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 12, 2013.

On February 4, 2016, the Court found that Plaintiff's Fourth Amended Complaint stated an Eighth Amendment claim and negligence claim against Defendants Mundunuri, Ziomek, Rebel, Romero, Comelli and Loadholt.

Service documents were forwarded to the United States Marshal on February 24, 2016.

Defendant Rebel filed a motion to dismiss on April 29, 2016. Defendant Comelli filed an answer on April 29, 2016. On May 2, 2016, Defendants Mundunuri, Romeri and Loadholt filed an answer.

Discovery has opened for the answering Defendants.

On May 6, 2016, Plaintiff filed a motion requesting that the Court order all Defendants to file an answer.

Four of the six Defendants have filed an answer, and the fifth Defendant has filed a motion to dismiss.  The Court cannot force a Defendant who has a right to challenge the complaint to file an answer.

Plaintiff also requests that the Court order Defendant Ziomek to return the waiver of service.  She attaches correspondence from Defendant Ziomek's counsel, Mr. Curley.  Counsel sent Plaintiff a letter on March 15, 2016, indicating that his office would be representing Defendant Ziomek.  On April 13, 2016, Mr. Curley wrote Plaintiff a letter asking for a twenty-eight day extension of time to file a responsive pleading.  Counsel indicated that the information provided with service allowed for sixty days from February 29, 2016, to file a responsive pleading, but that additional time was necessary to coordinate Defendant Ziomek's defense.[1]

On April 16, 2016, Counsel sent Plaintiff a letter asking her to disregard the April 13, 2016, letter "with respect to the due date for Dr. Ziomek to respond" to the complaint.  Mr. Curley stated that Defendant Ziomek has not yet returned the waiver of service, and thus the timeframe for him to respond has not yet commenced because he has not been "officially served."

As the Court has explained to Plaintiff on prior occasions, it cannot order Defendants who have not been served to file an answer.  The parties are reminded, however, of the availability of sanctions under Federal Rule of Civil Procedure 4(d)(2) for failure to return the waiver without good cause.

Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:  **May 11, 2016**              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The returns from other Defendants indicate that service was mailed on February 29, 2016.  A Defendant must be given a reasonable amount of time of at least thirty days to return the waiver. Fed.R.Civ.Pro. 4(d)(1)(F). Responsive pleadings are due within sixty days after the request for waiver was sent. Fed.R.Civ.Proc. 4(d)(3).