UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　　Defendants. | No.  1:13-cv-01473 DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO QUASH<br>(Document 81)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DENY JUDICIAL NOTICE<br>(Document 91) |

Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 12, 2013.  The action is proceeding against Defendants Mundunuri, Ziomek, Rebel, Romero, Comelli and Loadholt for violation of the Eighth Amendment and negligence.

Defendants Mundunuir, Ziomek, Romero, Comelli and Loadholt have answered the Fourth Amended Complaint and the Court issued a Discovery and Scheduling Order on May 2, 2016.

Defendant Rebel filed a motion to dismiss on April 29, 2016.  The motion is pending.

On May 2, 2016, Plaintiff filed a motion to quash Defendant Rebel's subpoena seeking her medical and central files.  Defendant Rebel opposed the motion on May 27, 2016.  On June 22, 2016, Plaintiff filed her reply, along with a motion to "deny judicial notice on Defendant

///

1

Rebel's discovery requests." Defendant Rebel filed an opposition on June 24, 2016. The motions are deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

### A. MOTION TO QUASH

A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things...." Fed.R.Civ.P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of documents which are "nonprivileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Upon a timely motion, the court will quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii).

In light of the pending motion to dismiss based on statute of limitations issues, which maybe dispositive of this action against Defendant Rebel, the Court finds that the motion should be GRANTED. The documents at issue do not appear to be related to any issues in the pending motion to dismiss. If and when merits-based discovery becomes appropriate for Defendant Rebel, he may reissue the subpoena at that time.

### B. MOTION TO DENY JUDICIAL NOTICE

The exact nature of Plaintiff's motion is unclear. She requests that the Court deny Defendant Rebel's request to judicially notice discovery requests because discovery has not officially opened as to Defendant Rebel. Defendant Rebel has not requested judicial notice of any documents, however, and he has not formally served Plaintiff with any discovery requests.[1]

---

[1] Defendant Rebel mistakenly attached discovery from an unrelated action to the declaration of Andrew E. Weiss in

2

Insofar as Plaintiff is trying to prevent the use of any records obtained via the subpoena, this is no longer an issue at this time.

Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated: **July 6, 2016**                          /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE

---

support of his opposition.  ECF 86-1.