1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANA GRAY,                              No.  1:13-cv-01473 DLB PC

12              Plaintiff,                    ORDER VACATING ORDER GRANTING
                                             PLAINTIFF'S MOTION TO QUASH
13        v.                                 (Document 79)

14   ROMERO, et al.,                         ORDER DENYING PLAINITIFF
                                             MOTION TO QUASH
15              Defendants.                  (Document 81)

16                                           ORDER DENYING PLAINTIFF'S MOTION
                                             TO DENY JUDICIAL NOTICE
17                                           (Document 91)

18

19        Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis,

20   filed this civil rights action on September 12, 2013.  The action is proceeding against Defendants

21   Mundunuri, Ziomek, Rebel, Romero, Comelli and Loadholt for violation of the Eighth

22   Amendment and negligence.

23        Defendants Mundunuir, Ziomek, Romero, Comelli and Loadholt have answered the

24   Fourth Amended Complaint and the Court issued a Discovery and Scheduling Order on May 2,

25   2016.

26        Defendant Rebel filed a motion to dismiss on April 29, 2016.  The motion is pending.

27        On May 2, 2016, Plaintiff filed a motion to quash Defendant Rebel's subpoena seeking

28   her medical and central files.  Defendant Rebel opposed the motion on May 27, 2016.  On June

                                             1

22, 2016, Plaintiff filed her reply, along with a motion to "deny judicial notice on Defendant

Rebel's discovery requests."  Defendant Rebel filed an opposition on June 24, 2016.

On July 5, 2016, Defendant Rebel filed a supplemental opposition.  In light of the

supplemental opposition, the Court VACATES the Court's July 6, 2016, order granting Plaintiff's

motion.

The motions are deemed submitted pursuant to Local Rule 230(l), and the Court now

issues this order.

### DISCUSSION

**A.**     **MOTION TO QUASH**

A party may serve a subpoena commanding a nonparty "to produce documents,

electronically stored information, or tangible things...." Fed.R.Civ.P. 45(a)(1)(C).  The subpoena

is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command

the production of documents which are "nonprivileged" and are "relevant to any party's claim or

defense" or "reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P.

26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably

calculated to lead to the discovery of admissible evidence.  Id.  A "relevant matter" under Rule

26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear

on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340,

351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Upon a timely motion, the court will quash a subpoena that "requires disclosure of

privileged or other protected matter, if no exception or waiver applies."  Fed.R.Civ.P.

45(c)(3)(A)(iii).

Defendant Rebel's subpoena requests Plaintiff's (1) medical records; (2) photographs; and

(3) central file.  Plaintiff opposes the disclosure of her psychiatric records and central file because

she believes that the records are irrelevant to the issues in this action.[1]

---

[1]  Plaintiff also contends that Defendant Rebel cannot subpoena the records because discovery has not formally
opened as to him.  That does not, however, prevent him from subpoenaing records from a third party.  Plaintiff also
suggests that the party serving the subpoena and Defendant cannot be trusted with the records because counsel
attached an unsigned request for production of documents from another action to his motion to dismiss.  This was an
inadvertent mistaken, however, and does not prevent disclosure of Plaintiff's records.

Generally, where a dispositive motion is pending on grounds unrelated to the merits of the action, the Court would consider quashing the subpoena.  In this case, however, it appears that the requested records may be relevant to the motion to dismiss.  As Defendant pointed out in his supplemental opposition, Plaintiff has attached numerous medical records to her opposition to the motion to dismiss in attempt to show that she did not discover the facts underlying her causes of action until a later date.

To the extent that Plaintiff argues that a privilege applies to her mental health records, she has waived any applicable privilege by (1) placing her mental state at issue in her First Amended Complaint; and (2) requesting damages for emotional injury.

Accordingly, Plaintiff's motion to quash is DENIED.

**B.**    **<u>MOTION TO DENY JUDICIAL NOTICE</u>**

The exact nature of Plaintiff's motion is unclear.  She requests that the Court deny Defendant Rebel's request to judicially notice discovery requests because discovery has not officially opened as to Defendant Rebel.  Defendant Rebel had not requested judicial notice of any documents prior to Plaintiff's motion, however, and he has not formally served Plaintiff with any discovery requests.

To the extent that Plaintiff is attempting to prevent the use of documents obtained via the subpoena, her request is denied for the reasons discussed above.

Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:   **July 8, 2016**                                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE

3