UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>ROMERO, et al.,<br><br>    Defendants. | No. 1:13-cv-01473 DLB PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO MODIFY DISCOVERY AND<br>SCHEDULING ORDER<br><br>(Document 100) |

   Plaintiff Dana Gray ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 12, 2013. The action is proceeding against Defendants Mundunuri, Ziomek, Rebel, Romero, Comelli and Loadholt for violation of the Eighth Amendment and negligence.

   Pursuant to the May 2, 2016, Discovery and Scheduling Order on May 2, 2016, the current deadlines are as follows: deadline for exhaustion motions- August 1, 2016, deadline to amend pleadings- August 30, 2016, discovery deadline- September 29, 2016, dispositive motion deadline- November 28, 2016.

   On July 19, 2016, Defendants Comelli, Loadholt, Mundunuri, Romero and Ziomek filed a motion to modify the Discovery and Scheduling Order. Defendants seek to extend all dates,

///

///

1

1 except for the Initial Disclosure deadline, by thirty (30) days.[1]  The Court deems the motion
2 suitable for decision without further briefing.  Local Rule 230(l).

3       Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R.
4 Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the
5 diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.*, 302
6 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
7 609 (9th Cir. 1992)).  "Although the existence or degree of prejudice to the party opposing the
8 modification might supply additional reasons to deny a motion, the focus of the inquiry is upon
9 the moving party's reasons for seeking the modification."  *Johnson*, 975 F.2d at 609.  "If the party
10 seeking the modification 'was not diligent, the inquiry should end' and the motion to modify
11 should not be granted."  *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

12       Here, Defendants seek a thirty (30) day extension of all dates except for the Initial
13 Disclosure deadline.  The request is sought because of the different dates that Defendants
14 answered, the issues involved with communicating with five Defendants, and counsel's work and
15 vacation travel.  Feser Decl. ¶¶ 5-6.  Counsel also indicates that there are grounds for a motion for
16 summary judgment based on exhaustion, but counsel cannot prepare a motion by the current
17 August 1, 2016, deadline.  Feser Decl. ¶ 7.

18       Defendants have been diligent in litigating this action, and there is no indication that
19 Plaintiff will be prejudiced by a thirty-day extension of all deadlines other than the Initial
20 Disclosure deadline.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

27 [1] In specifying the dates to be extended, Defendants omit the discovery deadline, and appear to have confused the deadline to amend with the discovery deadline.  In any event, the Court will rely on Defendants' general request to
28 extend all deadlines, except for the Initial Disclosure deadline, by thirty (30) days.

1  Accordingly, Defendants' motion is GRANTED.  The new deadlines are as follows:

2  Motions Based on Exhaustion:       August 31, 2016

3  Deadline to Amend Pleadings:       September 29, 2016

4  Discovery Deadline:                October 31, 2016

5  Dispositive Motion Deadline:       December 28, 2016

IT IS SO ORDERED.

Dated:  **July 22, 2016**                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE