1
2
3
4
5
6
7
8 UNITED STATES DISTRICT COURT
9 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11 DANA GRAY,     No. 1:13-cv-01473-DAD-GSA (PC)
12         Plaintiff,
13   v.     ORDER GRANTING REQUEST FOR RECONSIDERATION
14 V. ROMERO, et al.,
    (Doc. No. 102)
15         Defendants.
16

17     Plaintiff Dana Gray, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this
18 civil rights action on September 12, 2013. (Doc. No. 1.) The action is proceeding on plaintiff's
19 fourth amended complaint in which she alleges claims of inadequate medical care (with respect to
20 various back, spine, leg, and related conditions) in violation of her Eighth Amendment rights and
21 negligence against defendants Mundunuri, Ziomek, Rebel, Romero, Comelli and Loadholt. (Doc.
22 No. 47.) Defendants Mundunuri, Ziomek, Romero, Comelli and Loadholt have answered and the
23 court issued a discovery and scheduling order on May 2, 2016. (Doc. Nos. 58, 60, 63, 64, 65, 82.)
24 On April 29, 2016, defendant Dr. Rebel filed a motion to dismiss the complaint as to him on
25 statute of limitations grounds. (Doc. No. 57.) That motion, as well as many others subsequently
26 filed by the parties, remains pending before the court.
27     On May 23, 2016, plaintiff filed a motion to quash a subpoena by which defendant Dr.
28 Rebel's counsel sought production of all of plaintiff's medical records and her entire Central file

in the possession of the California Department of Corrections and Rehabilitation. (Doc. No. 81, 86-1, Ex. 1.) The then-assigned magistrate judge initially granted plaintiff's motion to quash, finding her medical records to be irrelevant at that time in light of defendant Dr. Rebel's pending motion to dismiss based on the applicable statute of limitations. (Doc. No. 97.) However, the day prior to the issuance of that order, defendant Rebel filed a supplemental opposition to the motion to quash in which he argued that in opposing his pending motion to dismiss, plaintiff had specifically relied on and attached some of her medical records. (Doc. No. 96.) Persuaded by this new argument, the magistrate judge vacated his prior order, found that plaintiff's medical records "may be relevant" to disposition of the pending motion to dismiss, and denied plaintiff's motion to quash the subpoena. (Doc. No. 99 at 3.) The magistrate judge also concluded that plaintiff had "waived any applicable privilege by: (1) placing her mental state at issue in her First[1] Amendment Complaint; and (2) requesting damages for emotional injury." (*Id.*)

On July 20, 2016, plaintiff filed objections to the magistrate judge's order denying the motion to quash, as well as a motion to limit the scope of the subpoena issued for her central file and medical records. (Doc. No. 102.) The court interprets this as a timely request for reconsideration pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 303. Defendant also construed the objections as a motion for reconsideration, and opposed it on July 22, 2016. (Doc. No. 107.) Plaintiff filed her reply on August 8, 2016. (Doc. No. 111.)

**Applicable Legal Standard**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge. *See also* Local Rule 303(c). The assigned district judge shall, upon reconsideration, modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus orders ruling on such motions are subject to the "clearly erroneous or contrary to law" standard of review.

---

[1] As noted, plaintiff's fourth amended complaint is the operative pleading in this action. (*See* Doc. No. 45.)

*Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Anti–Monopoly, Inc. v. General Mills Fun Group, Inc.*, 684 F.2d 1316, 1318 (9th Cir. 1982); *see also In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1076 (9th Cir. 2015). While the "clearly erroneous" standard requires significant deference, "[t]he 'contrary to law' standard . . . permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.")); *see also Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).

The court has reviewed the relevant documents as well as the arguments of the parties, and concludes that the magistrate judge's order denying plaintiff's motion to quash the subpoena calling for production of her entire central file and all of her medical records in the possession of CDCR was, at least in part, contrary to law. Therefore, plaintiff's request for reconsideration will be granted.

**Analysis**

First, plaintiff objects to the magistrate judge's finding that the medical records sought by the subpoena are relevant to defendant Rebel's motion to dismiss. In this regard, plaintiff states that she "graciously included as many relevant records as possible" in her opposition to the motion to dismiss, and she therefore believes the subpoena would not reveal any additional relevant records. (Doc. No. 102 at 2.) This is not plaintiff's determination to make, however. Nor does plaintiff's representation demonstrate that the magistrate judge's order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Local Rule 303(f). Therefore, to the extent that the magistrate judge found plaintiff's medical records relevant to the motion to dismiss, that determination is not clearly erroneous or contrary to law.

/////

3

Plaintiff next objects to the magistrate judge's finding that she waived any privilege as to her mental health records by (1) placing her mental health at issue by the allegations of her complaint; and (2) requesting damages for emotional injury. Plaintiff cites only to state law in support of her assertion of privilege with respect to her medical records. (Doc. No. 102 at 2–3.)

Generally, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. However, if violations of both state and federal law are alleged and the same evidence relates to both claims, federal privilege law governs. *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 835 F.3d 1155, 1158-59 (9th Cir. 2016) ("Because, here, at the time the parties engaged in mediation, their negotiations concerned (and the mediated settlement settled) both federal and state law claims, the federal law of privilege applies."); *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). In her fourth amended complaint, plaintiff alleges that she seeks recovery for the physical and emotional injury she suffered as a result of defendant's conduct in connection with both her state law negligence and Eighth Amendment claims. (Doc. No. 45 at 58.) Because she has presented a claim that her rights protected under the U.S. Constitution have been violated, federal privilege law governs the legal question presented here.

A psychotherapist-patient privilege exists under federal law, protecting "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment"[2] from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *United States v. Romo*, 413 F.3d 1044, 1046-47 (9th Cir. 2005); *Oleszko v. State Compensation Ins. Fund*, 243 F.3d 1154, 1156-57 (9th Cir. 2001). One asserting the privilege has the burden of showing that 1) the individual to whom the communication was made is a psychotherapist, 2) the communication to that psychotherapist were confidential, and 3) the communications were made in the course of diagnosis or treatment.

---

[2] Evidentiary privileges protect only the content of the communications and not the information in question itself. *See Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981) (noting an evidentiary privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts"). Therefore, although plaintiff is objecting to a subpoena calling for production of all of her medical records, only records reflecting the content of confidential communications between the plaintiff and her doctor or psychotherapist may be privileged.

*Romo*, 413 F.3d at 1047.  Of course, the psychotherapist-patient privilege, like other privileges, can be waived.  *Jaffee*, 518 U.S. at 15 n.14.

With respect to the issue presented here, the court finds the decision in *Fitzgerald v. Cassil,* 216 F.R.D. 632 (N.D. Cal. 2003) to be instructive.  There, the court concluded that any privilege waiver should be construed narrowly where the confidential communication for which protection is sought "is put at issue by the patient, for example, where the cause of action relies on advice or findings of the psychotherapist." 216 F.R.D. at 637.  *Accord Koch v. Cox*, 489 F.3d 384, 388–91 (D.C. Cir. 2007) (a party only waives the psychotherapist-patient privilege when "he does the sort of thing that would waive the attorney-client privilege, such as basing his claim upon the psychotherapist's communications with him or, as with the marital privilege, selectively disclosing part of a privileged communication in order to gain an advantage in litigation") (quotations and citations omitted); *see also In re Sims*, 534 F.3d 117, 131–34 (2d Cir. 2008) (adopting the narrow interpretation of waiver of the psychotherapist-patient privilege employed by the court in *Koch*).[3]

Such an interpretation is consistent with the decision of the Supreme Court in *Jaffee*, in which the court expressly rejected a "balancing" approach in determining whether the privilege had been waived:

> We reject the balancing component of the privilege implemented by that court and a small number of States.  Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege. . . . [I]f the purpose of the privilege is to be served, the participants in the confidential conversation must be able to predict with some degree of certainty whether particular discussions will be protected.  An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.

518 U.S. at 17 (citations and quotations omitted); *see also Fitzgerald*, 216 F.R.D. at 635, 636-40

---

[3] The Ninth Circuit has observed that "when a plaintiff puts his emotional condition at issue during a trial, he waives privilege protecting his psychological records." *Lahrichi v. Lumera Corp.,* 433 Fed. App'x 519, 521 (9th Cir. 2011).  However, in that unpublished decision the court relied on *Maynard v. City of San Jose*, 37 F.3d 1396 (9th Cir. 1994), which preceded *Jaffee* and the guidance provided therein.

5

(psychotherapist-patient privilege *not* waived merely by seeking damages for emotional distress); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 228–30 (D. Mass. 1997) (the privilege should be deemed waived only if the communication between a psychotherapist and patient was itself put at issue by the patient and is not waived merely by seeking recovery for emotional distress).

Here, defendant Rebel generally contended that "[p]laintiff's psychiatric files are central to determining mental conditions related to and impacting Plaintiff's physical conditions, such as addiction to pain medications, malingering, manipulation, attention-seeking and truth telling." (Doc. No. 86 at 4.) The magistrate judge ultimately denied plaintiff's motion to quash on the grounds that here medical records "may be relevant" to the defendant's pending motion to dismiss. (Doc. No. 99.) In doing so, the magistrate judge concluded plaintiff had "waived any applicable privilege by (1) placing her mental state at issue in her [Fourth] Amended Complaint; and (2) requesting damages for emotional injury." (Doc. No. 99 at 3.) However, this conclusion was reached without citation to any specific allegation in plaintiff's fourth amended complaint[4] or to the legal authorities concerning the privilege and waiver discussed above.

Under the authorities analyzed above, plaintiff's request for the award of damages for emotional distress alone was insufficient to establish a waiver of the psychotherapist-patient privilege, and the magistrate judge's conclusion otherwise was contrary to law. Rather, only when a plaintiff puts a confidential communication expressly at issue as part of her case in chief is the psychotherapist-patient privilege waived. *Fitzgerald*, 216 F.R.D. at 636–40; *Vanderbilt*, 174 F.R.D. at 228–30. Similarly, therefore, any tangential factual references in plaintiff's fourth amended complaint to mental health conditions, such as "depression" or "post-traumatic syndrome," are by themselves not sufficient to waive the privilege.

It is possible that by referencing specific communications between herself and her psychiatrist about whether Elavil could be taken for pain relief, plaintiff waived any privilege

---

[4] There are tangential references therein to plaintiff's "depression," "post-traumatic syndrome," and certain communications between herself and her psychiatrist, Dr. Ghermay about whether she could take Elavil (an anti-depressant) for pain relief, given her psychiatric conditions. (See Doc. No. 86 at 7.) However, it is far from clear how those references could be said to place plaintiff's mental state at issue in this action alleging that she was provided constitutionally inadequate medical for her back, spine, leg and related medical conditions.

claims as to those specific communications. (Doc. No. 86 at 7.) This is not a sufficient basis, however, upon which to find a blanket waiver of privilege to any and all communications between plaintiff and any psychotherapists or doctor she has sought diagnosis or treatment from. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (noting that waiver of a protected communication "results in waiver as to all other communications on the same subject," and concluding that "the district court clearly erred in finding a blanket waiver"); *see also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("[T]he disclosure of information resulting in the waiver of the attorney-client privilege constitutes waiver only as to communications about the matter actually disclosed.") (quotations omitted).

Because the undersigned finds the magistrate judge's order denying plaintiff's motion to quash the subpoena to be contrary to law, that order will be vacated. This matter will be referred back to the assigned magistrate judge for further proceedings as to the applicability of the psychotherapist-patient, or any other applicable, privilege concerning any specific communication between plaintiff and a care provider. *See* Local Rule 302.[5] To be clear, however, the

---

[5] The evaluation of whether specific communications are privileged is normally advanced by a privilege log in which the party invoking a privilege "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650 (E.D. Cal. 2010). Since only the communications themselves are privileged, a sufficiently detailed privilege log assists the court and the parties in the resolution of claims of privilege. *See Friends of Hope Valley*, 268 F.R.D. at 651 (privilege log found deficient when it did "not permit defendant or the court to adequately assess the claim of privilege"). Resolution of privilege issues is complicated here as a result of plaintiff's *pro se* status. The undersigned notes, as did the initial order granting plaintiff's motion to quash, that defendant's pending motion to dismiss on statute of limitations grounds may moot the issue of whether that defendant is entitled to review plaintiff's potentially privileged communications. Moreover, plaintiff has since sought leave to file a Fifth Amended Complaint that could, potentially, alter the issues before the court. (See Doc. Nos. 130, 131.) The undersigned entrusts the magistrate judge to select an appropriate course of action and expresses no opinion regarding whether plaintiff may have waived any applicable privilege with respect to any specific communications she may be relying upon, either in her complaint or in her opposition to defendant's pending motion to dismiss. However, if production of any of the sought after records is permitted, given the nature of the requested information, the magistrate judge may find it wise to issue a protective order. Finally, it would appear that to the extent the challenged subpoena sought production of plaintiff's entire Central file from CDCR, it may well be overbroad on its face.

undersigned rejects the notion that a blanket waiver of the psychotherapist-patient privilege as to any and all communications documented in CDCR records may be found based upon the fourth amended complaint's tangential references to plaintiff's mental health or her seeking of emotional distress damages.

### Conclusion

Plaintiff's request for reconsideration is granted and the order denying plaintiff's motion to quash (Doc. No. 99) is vacated. No records shall be produced pursuant to the subpoena at issue absent further order of the court. The matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **November 16, 2016**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE