# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>            Plaintiff,<br><br>    vs.<br><br>ROMERO, et al.,<br><br>            Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 137.)<br><br>ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES<br><br>**New Discovery Deadline**:         **January 31, 2017**<br><br>**New Dispositive Motions Deadline**: **March 31, 2017** |

**I.    BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Fourth Amended Complaint filed on September 21, 2015, against defendants Dr. V. Romero, Dr. A. Comelli, FNP N. Loadholt, Dr. C. Rebel, John Ziomek, DPM, and Dr. V. Mundunuri, on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 45.)

Pursuant to the Court's order issued on July 22, 2016, the current discovery deadline is October 31, 2016, and the current deadline for filing dispositive motions is December 28, 2016. (ECF No. 106.) On October 25, 2016, Defendants Romero, Mundunuri, Comelli, Loadholt, and Ziomek filed a motion to extend the discovery deadline until January 31, 2017, and the

dispositive motions deadline until March 31, 2017.  (ECF No. 137.)  On October 26, 2016, Defendant Rebel joined in the motion.  (ECF No. 139.)  Plaintiff has not filed an opposition.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  <u>Id.</u>  The Court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants argue that good cause exists to extend the deadlines because Plaintiff's motion to amend her complaint, filed on September 30, 2016, is pending and has effectively stayed moving forward with discovery.  (Feser Decl. ¶4.)  Defense counsel asserts that he requires additional time to confer with each of the five defendants he represents.  (Feser Decl. ¶5.)  Further, defense counsel will be out of town on vacation from November 18 to 28 and December 16 to January 3, and will not be able to respond expeditiously to the changes Plaintiff's pending motion to amend may generate.  (Feser Decl. ¶7.)

The Court finds good cause to extend the current deadlines for discovery and for filing dispositive motions, for all parties to this action.  Defense counsel has provided evidence that he has been diligent in litigating this action, but was unable to meet the Court's deadlines.  Plaintiff has not opposed the motion.  Therefore, Defendants' motion to modify the Scheduling Order shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the Court's Scheduling Order, filed on October 25, 2016, is GRANTED;

2. The deadline for the completion of discovery is extended from October 31, 2016 to **January 31, 2017** for all parties to this action; and

3. The deadline for filing and serving pretrial dispositive motions is extended from December 28, 2016 to **March 31, 2017** for all parties to this action.

IT IS SO ORDERED.

Dated:   **November 21, 2016**              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE