UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANA GRAY,

             Plaintiff,

    vs.

ROMERO, et al.,

             Defendants.

1:13-cv-01473-DAD-GSA-PC

ORDER DENYING PLAINTIFF'S MOTION TO AMEND

(ECF No. 130; also resolves Nos. 136, 138, 141.)

## I.    BACKGROUND

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's Fourth Amended Complaint filed on September 21, 2015, against defendants Dr. V. Romero, Dr. A. Comelli, FNP N. Loadholt, Dr. C. Rebel, John Ziomek, DPM, and Dr. V. Mundunuri, on Plaintiff's medical claim under the Eighth Amendment.  (ECF No. 45.)  This case is now in the discovery phase.

On April 29, 2016, defendant Rebel filed a motion to dismiss the claims against him as barred by the statute of limitations.  (ECF No. 57.)  On August 31, 2016, defendants Mundunuri and Ziomek filed a motion for judgment on the pleadings based on Plaintiff's failure to exhaust administrative remedies.  (ECF No. 122.)  These two motions are pending.

1

On September 28, 2016, Plaintiff filed a motion to supplement and amend the complaint and lodged a proposed Fifth Amended Complaint.  (ECF No. 130, 132.)  On October 3, 2016, defendant Rebel filed an opposition to the motion.  (ECF No. 133.)  On October 18, 2016, defendants Comelli, Loadholt, Mundunuri, Romero, and Ziomack joined the opposition.  (ECF No. 134.)  On November 2, 2016, Plaintiff filed a reply to the opposition.  (ECF No. 142.)

## II.   LEAVE TO AMEND AND SUPPLEMENT THE COMPLAINT

### A.   Legal Standards

#### 1.   Amended Complaint -- Rule 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended her complaint more than once, Plaintiff requires leave of Court to file a Fifth Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

#### 2.   Supplemental Complaint – Rule 15(d)

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).   A party may only file a supplemental complaint with leave of court.  Id.  When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve

the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

**B.    Parties' Positions**

Plaintiff requests leave to amend her complaint to correct deficiencies and to supplement pleadings and allegations that "relate back" to the time the original complaint was filed.  (ECF No. 130 at 1:15-17.)  Plaintiff also seeks to add a new defendant, Central California Women's Facility, a California state prison.

Plaintiff intends to expand on "the 2012 to 2015 allegations against defendant Mundunuri that were actually listed in Docket No. 1, the original claim that occurred before the requisite Government Claim was rejected, thus satisfying the requirements of exhaustion of remedies to file a negligence claim under state law against defendant D. Mundunari."  (ECF No. 130 at 4:5-9.)

Plaintiff also intends to present factual evidence of how defendant Ziomek prevented discovery of Plaintiff's cause of action by his faulty examination and diagnosis.  Plaintiff expects to "show how the statute of limitations started when she learned of the cause of action on 4-9-11, which starts the statute of limitations for her Eighth Amendment claim against defendant Ziomek."  (Id. at 3:17-21.)

In opposition, Defendants argue that in her motion to amend Plaintiff was deceptive about the nature and extent of the proposed amendments and supplementations to the Fifth Amended Complaint.  Defendants also claim that the proposed Fifth Amended Complaint was lodged untimely on September 30, 2016.[1]  Defendants assert that in the motion to amend

---

[1] Pursuant to the Court's order issued on July 22, 2016, the deadline for amending pleadings expired on September 29, 2016.  (ECF No. 106 at 3.)   Defendants argue that the proposed Fifth Amended Complaint was untimely because it was lodged on September 30, 2016, one day after the deadline.  Based on the

Plaintiff made absolutely no reference to defendant Rebel and therefore failed to file timely notice to defendant Rebel of the proposed new allegations against him.  Defendants also argue that Plaintiff's motion did not conform with Rule 7(b)(1)(B) because it did not "state with particularity the grounds for seeking the order."  (ECF No. 133 at 2:20.)

Defendants argue that from its timing, Plaintiff's motion appears to have been submitted in response to the motion for judgment on the pleadings filed by defendants Mundunuri and Ziomek on August 31, 2016.

Defendant Rebel argues that it would be significantly prejudicial to him if the Court were to allow Plaintiff to file a Fifth Amended Complaint without ruling on defendant Rebel's fully briefed 12(b)(6) motion pending before the Court.  Defendant Rebel's motion is based on the grounds that the Fourth Amended Complaint is untimely and is barred by the applicable statute of limitations as Plaintiff alleges that she was only seen by Dr. Rebel on October 19, 2006, and the case was filed on September 12, 2013.  Now, in the proposed Fifth Amended Complaint, Plaintiff alleges that she was also seen by Dr. Rebel on August 9, 2007.  Defendant Rebel argues that the use of the later August 9, 2007 date for computation does not change the result that Plaintiff's complaint is still time-barred because it is apparent that Plaintiff delayed for over six years before filing her complaint.

Plaintiff argues that her proposed Fifth Amended Complaint was timely under the Mailbox Rule.  She claims she was not attempting to be deceptive in her motion and is only attempting to present her issues to the best of her abilities.  Plaintiff acknowledges that she is correcting deficiencies in her complaint to eliminate the basis for the motion to dismiss and motion for judgment on the pleadings.  Plaintiff argues that she did not raise new allegations against defendant Rebel or any other defendant, but only clarified her allegations in a clearer presentation.  Plaintiff also argues that the Fifth Amended Complaint is not prejudicial against defendant Rebel because defendant Rebel's pending 12(b)(6) motion is separate and apart from

---

mailbox rule, the Court deems Plaintiff's lodged complaint to be timely.  <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009).

Plaintiff's amended complaint.  Finally, Plaintiff asserts that she did not learn of the extent of her injuries until April 19, 2011, which makes her claims against defendant Rebel timely.

**C.**   **Discussion**

It is apparent that Plaintiff seeks to amend and supplement her complaint to strengthen her opposition to the pending motion to dismiss filed by defendant Rebel and the pending motion for judgment on the pleadings filed by defendants Mundunuri and Ziomek.  Plaintiff has acknowledged this fact.

It would be prejudicial to defendant Rebel to allow Plaintiff to submit further opposition to defendant Rebel's motion to dismiss by way of an amended complaint.   Any further opposition by Plaintiff at this stage of the proceedings would be untimely as the motion to dismiss has been fully briefed and is now before the Court for consideration.   Local Rule 230(*l*).   The Court finds no valid reason to allow a surreply to be filed at this juncture,[2] and therefore the Court shall not allow further opposition by Plaintiff.

It would also be prejudicial to defendants Mundunuri and Ziomek to allow Plaintiff to oppose their motion for judgment on the pleadings by way of an amended complaint.  Plaintiff has not yet filed her opposition to the motion for judgment on the pleadings and is presently requesting an extension of time.  (ECF No. 143.)  Plaintiff is advised that her opposition is her opportunity to fully state all of her arguments against Defendants' motion.   It is unfair to defendants Mundunuri and Ziomek to allow Plaintiff to file an amended complaint opposing their motion <u>and</u> an opposition to the motion.

Moreover, Defendant Rebel's motion to dismiss the Fourth Amended Complaint will be moot if Plaintiff files an amended complaint at this stage of the proceedings because the Fifth Amended Complaint would supercede the Fourth Amended Complaint.  <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*).  For the same reason, the motion for

---

[2] A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.  USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013).  The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply.  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  <u>Hill v. England</u>, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

judgment on the pleadings will be moot if Plaintiff files a Fifth Amended Complaint. Therefore, the Court finds it unduly prejudicial to defendants Rebel, Mundunuri, and Ziomek to allow Plaintiff to file the proposed Fifth Amended Complaint when their motions are pending.

The Court also finds it futile to allow Plaintiff to add the Central California Women's Facility (CCWF), a California state prison, as a defendant.  "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state," Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684 (1993); Tennessee v. Lane, 541 U.S. 509, 517 (2004), and California prisons are entitled to Eleventh Amendment immunity, Lopez v. Wasco State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing Keel v. California Dept. of Corrections and Rehabilation, 2006 WL 1523121, *2 (E.D. Cal. 2006)).  Therefore, Plaintiff may not proceed against CCWF in this lawsuit, and it would be futile to allow Plaintiff to add CCWF as a defendant.

In any event, the requested Amended complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.[3]  Under federal notice pleading a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's proposed Fifth Amended Complaint, consisting of 69 pages divided into 394 paragraphs, fails to comport with Rule 8(a)'s instruction that the complaint shall contain a "short and plain" statement of the claim.  Plaintiff's lengthy narrative does not succinctly allege facts against the named defendants.

///

///

## III.    CONCLUSION

---

[3] The Court recognizes that the prior Magistrate Judge Dennis L. Beck granted Plaintiff leave to file a Third Amended Complaint consisting of more than 25 pages. (ECF No. 29.)  This case is now assigned to Magistrate Judge Gary S. Austin, pursuant to the reassignment order issued on September 8, 2016.  (ECF No. 127.)

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint, filed on September 28, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **December 15, 2016**                         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE