UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>   vs.<br><br>ROMERO, et al.,<br><br>        Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br>(ECF Nos. 144, 145.) |

On November 10, 2016, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that she suffers from lumbar scoliosis and stenosis and requires surgery. Plaintiff expresses concerns that major surgery will affect her ability to meet deadlines and litigate this case. These are not exceptional circumstances under the law.

Plaintiff's case stems from allegations that the defendants, who are medical providers at the Central California Women's Facility, were deliberately indifferent to Plaintiff's serious medical needs. At this stage of the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Now pending is a motion to dismiss Plaintiff's claims against defendant Dr. Rebel as barred by the statute of limitations, and a motion for judgment on the pleadings based on failure to exhaust remedies filed by defendants Mundunuri and Ziomek. Based on the record for this case, Plaintiff is able to adequately articulate her claims and respond to court orders. Id. Moreover, the legal issue in this case – whether defendants deliberately disregarded a substantial risk of serious harm to Plaintiff's health -- is not complex. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 21, 2016**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE