UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROMERO, et al.,<br><br>        Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>ORDER RESPONDING TO PLAINTIFF'S MOTION OF INQUIRY AND DENYING REQUEST FOR PROTECTIVE ORDER, WITHOUT PREJUDICE<br><br>(ECF No. 151.) |

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's Fourth Amended Complaint filed on September 21, 2015, against defendants Dr. V. Romero, Dr. A. Comelli, FNP N. Loadholt, Dr. C. Rebel, John Ziomek, DPM, and Dr. V. Mundunuri, on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 45.)

On December 9, 2016, Plaintiff filed a motion of inquiry. (ECF No. 151.) Plaintiff also requested a protective order applicable to her entire C-File. (Id.)

**I.    BACKGROUND**

This case is presently in the discovery phase.

On May 23, 2016, Plaintiff filed a motion to quash a subpoena by which defendant Dr. Rebel's counsel sought production of all of Plaintiff's medical records and her entire Central File (C-File) in the possession of the California Department of Corrections and Rehabilitation.

(ECF No. 81, 86-1, Ex. 1.) The then-assigned magistrate judge initially granted Plaintiff's motion to quash, finding her medical records to be irrelevant at that time in light of defendant Dr. Rebel's pending motion to dismiss based on the applicable statute of limitations. (ECF No. 97.) However, the day prior to the issuance of that order, defendant Rebel filed a supplemental opposition to the motion to quash in which he argued that in opposing his pending motion to dismiss, Plaintiff had specifically relied on and attached some of her medical records. (ECF No. 96.) Persuaded by this new argument, the magistrate judge vacated his prior order, found that Plaintiff's medical records "may be relevant" to disposition of the pending motion to dismiss, and denied Plaintiff's motion to quash the subpoena. (ECF No. 99 at 3.) The magistrate judge also concluded that Plaintiff had "waived any applicable privilege by: (1) placing her mental state at issue in her First Amendment Complaint; and (2) requesting damages for emotional injury." (Id.) On July 20, 2016, Plaintiff filed objections to the magistrate judge's order denying the motion to quash, as well as a motion to limit the scope of the subpoena issued for her central file and medical records. (ECF No. 102.)

On November 17, 2016, the Court issued an order construing Plaintiff's motion as a motion for reconsideration of the magistrate judge's order, granting the motion for reconsideration, and vacating the order denying Plaintiff's motion to quash. (ECF No. 147.) The Court ordered that "[n]o records shall be produced pursuant to the subpoena at issue absent further order of the court. (Id. at 8:7-8.)

II. **PLAINTIFF'S INQUIRY**

Plaintiff inquires as to extent of discovery that has been released to defendant Rebel. Specifically, Plaintiff requests a court order for defendant Rebel to reveal if he received Plaintiff's entire C-file or any part thereof.

Evidence on the Court's record shows that defendant Dr. Rebel did not receive any records from Plaintiff's C-File pursuant to Dr. Rebel's subpoena. On December 1, 2016, defendant Rebel filed a statement of compliance with the Court's November 16, 2016 order granting Plaintiff's request for reconsideration. (ECF No. 150.) In the statement, defendant Rebel asserted that "[u]pon receipt of this Court's November 16, 2016, Order, counsel for Dr.

Rebel contacted Second Image National concerning Dr. Rebel's subpoena that was the subject of Plaintiff's motion to quash and advised Second Image National to close Dr. Rebel's record order[, and n]o additional records will be sought under this subpoena." (Id. ¶2.) The statement of compliance also asserts that "Dr. Rebel and his counsel will not further pursue production of plaintiff's Central file and psychiatric records for purposes of Dr. Rebel's motion to dismiss, which has been fully briefed and submitted to this Court." (Id. ¶3.)

In light of defendant Rebel's statement filed on December 1, 2016, Plaintiff's request for a court order for defendant Rebel to reveal if he received Plaintiff's entire C-file or any part thereof is moot.

### III.    REQUEST FOR PROTECTIVE ORDER – RULE 26(c)

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Options available to the court include, among others, "forbidding the disclosure or discovery; . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

Plaintiff's request for a protective order states, in its entirety: "Plaintiff requests a protective order for her entire C-File." (ECF No. 151.) Such a request, without more, is insufficient to establish good cause for the Court to issue a protective order. Plaintiff has the burden to show "that specific prejudice or harm will result" if the protective order is not

granted. Plaintiff must describe which specific documents, which types of document, and/or which types of information in her C-File would cause her harm if disclosed to Defendants or the public, and what specific prejudice or harm will result from disclosure.

Rule 26(b)(1) describes the scope of discovery allowed in general, as follows:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Thus, Defendants are entitled to obtain relevant discovery[1] that is not privileged. There is no indication that Plaintiff's C-File only contains information that is not relevant or privileged. As such, Plaintiff's request for a protective order for "her entire C-File" is overbroad.

If Plaintiff seeks to assert a privilege as to any relevant information, she must identify or describe the privilege and specify what information falls under that privilege. For example, the Court advised Plaintiff in the November 16, 2016 order that "[a] psychotherapist-patient privilege exists under federal law, protecting 'confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment' from compelled disclosure under Rule 501 of the Federal Rules of Evidence[, and that o]ne asserting the privilege has the burden of showing that 1) the individual to whom the communication was made is a psychotherapist, 2) the communication to that psychotherapist were confidential, and 3) the communications were made in the course of diagnosis or treatment." (ECF No. 147 at 4:17-5:2) (cites omitted). The Court decided that Plaintiff had not waived the psychotherapist-plaintiff privilege in this case as to "any and all communications documented in CDCR records . . . based upon the fourth amended complaint's tangential references to plaintiff's mental health or her seeking of emotional distress damages." (Id. at 8:1-4.) However, the Court did

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 40.

not suggest that the entire contents of Plaintiff's C-File were privileged or could be withheld from Defendants during discovery.

Based on these facts, Plaintiff has not shown good cause for the Court to issue a protective order. Therefore, Plaintiff's request shall be denied, without prejudice to renewal of the motion showing that specific prejudice or harm will result if the protective order is not granted as to specific, identified documents or information contained in her C-File.

## IV. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion of inquiry, filed on December 9, 2016, is resolved by this order; and

2. Plaintiff's request for a protective order is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **December 21, 2016**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE