UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>             Plaintiff,<br><br>     vs.<br><br>ROMERO, et al.,<br><br>             Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT:<br><br>(1)   DEFENDANT REBEL'S RULE 12(b)(6) MOTION TO DISMISS BE GRANTED, WITH LEAVE TO AMEND;<br><br>(2)   DEFENDANT ZIOMEK'S MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED, WITH LEAVE TO AMEND, AND<br><br>(3)   DEFENDANT MUNDUNURI'S MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED<br><br>(ECF Nos. 57, 122.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.    BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's Fourth Amended Complaint filed on September 21, 2015, against defendants Dr. V. Romero, Dr. A. Comelli,

1

FNP N. Loadholt, Dr. C. Rebel, John Ziomek, DPM, and Dr. V. Mundunuri, on Plaintiff's medical claims under the Eighth Amendment.[1]  (ECF No. 45.)

On April 29, 2016, Defendant Rebel filed a Rule 12(b)(6) motion to dismiss this action as barred by the applicable statute of limitations.  (ECF Nos. 57.)  On June 30, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 93.)  On July 7, 2016, Defendant Rebel filed a reply to the opposition.  (ECF No. 98.)

On August 31, 2016, Defendants Mundunuri and Ziomek filed a motion for judgment on the pleadings.  (ECF No. 122.)  On December 19, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 155.)

Defendant Rebel's motion to dismiss and Defendants Mundunuri and Ziomek's motion for judgment on the pleadings are now before the Court.  Local Rule 230(*l*).

## II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]

Plaintiff is a female state prisoner, currently incarcerated at the Central California Women's Facility ("CCWF") in Chowchilla, California, where the events at issue occurred.

Plaintiff has an extensive medical history of lower back pain, bilateral foot pain, and pain in both heels.  Upon incarceration at CCWF in January 1998, an orthopedic problem was noted on Plaintiff's Activity Chrono.  From 1998 through 2006, Plaintiff was seen by numerous PCP's (Primary Care Physicians) and specialists for her complaints of chronic lower back pain and a leg length discrepancy (LLD). She was also seen for renewal of a right heel lift and

---

[1] Plaintiff also brings negligence claims against the named defendants in the Fourth Amended Complaint. Violation of state tort law, such as negligence, is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367. Supplemental jurisdiction only exists if the state and federal claims are sufficiently related that they "form part of the same case or controversy under Article III [of the Constitution]."  Id. claims that form part of the same case or controversy as Plaintiff's cognizable federal claims.

[2] This is a limited summary of the allegations by Plaintiff in the Fourth Amended Complaint against Defendants Rebel, Ziomek, and Mundunuri for purposes of these findings and recommendations. Plaintiff's Fourth Amended Complaint is more than sixty pages in length and recites detailed allegations against all six of the defendants in this case.

various accommodations. The specialists documented Plaintiff's LLD and the beginning of lumber spine scoliosis, and suggested preventative care, pain management, and physical therapy.

### *Defendant Dr. C. Rebel*

On October 19, 2006, Plaintiff was seen by Defendant Dr. C. Rebel, an Orthopedic Specialist Consultant at CCWF, for a consultation. Plaintiff complained of chronic pain problems, lower back pain, LLD, and lumbar scoliosis. Plaintiff was in substantial pain, but Defendant Rebel failed to conduct appropriate tests and did not review prior tests. Plaintiff told Defendant Rebel about her medical problems, but Defendant Rebel did not recommend a heel lift because he did not find a LLD. Plaintiff alleges that Defendant Rebel persisted in a course of treatment that was ineffective despite knowing of Plaintiff's diagnoses and medical concerns.

### *Defendant Dr. John Ziomek*

Defendant Dr. John Ziomek was a podiatrist at CCWF. On June 10, 2008, Defendant Ziomek examined and evaluated Plaintiff for a "no state shoes"[3] chrono by holding a pencil on Plaintiff's head against a wall, and holding a piece of paper behind Plaintiff's head while Plaintiff elevated one leg and then the other. (ECF No. 45 at ¶¶135, 137.) As Plaintiff raised each leg, Defendant Ziomek marked the paper behind her head. Defendant Ziomek noted, "Patient's leg was not noted to have any LLD at all." (Id. at ¶137.) This measurement not only contradicted the ones done by both of Plaintiff's initial specialists, but Defendant Ziomek's own prescription for a heel lift in 2004 when he issued Plaintiff a heel lift chrono. No x-rays were ordered by Defendant Ziomek to positively confirm or deny Plaintiff's LLD of 12 years. Defendant Ziomek did not review x-rays from 2004 nor appropriately respond to what Plaintiff told him about her heel lift and LLD history. Plaintiff alleges that Defendant Ziomek's failure to refer her to a spine specialist delayed adequate medical treatment which caused her pain and future injury.

---

[3] The "no state shoes" chrono was to allow Plaintiff to wear shoes other than those provided by the state, because of her medical condition.

### *MRI Exam on March 15, 2011*

On March 15, 2011, Plaintiff was given an MRI exam that revealed "severe lumbar scoliosis and DDD from L2 to L5." (ECF No. 45 at ¶75.) On April 19, 2011, Plaintiff's neurosurgeon Dr. Morris Senegor examined Plaintiff, noting that she was in obvious pain and that she had no conservative pain management. Dr. Senegor issued mobility restrictions on a permanent basis, pain medication Neurontin, and a pain medication regime to possibly include narcotics. He told Plaintiff her scoliosis was not new and had developed over a long period of time.

### *Defendant Dr. V. Mundunuri*

Defendant Dr. V. Mundunuri was Plaintiff's PCP from 2011 to 2015. Defendant Mundunuri adequately maintained Plaintiff's lumbar spine care until 2015, when she (Mundunuri) refused to fill out required paperwork with the information needed by the Chief Physician & Surgeon to approve Plaintiff's pain medications. Defendant Mundunuri left Plaintiff in unrelieved pain for 41 days. Plaintiff was forced to file Health Care appeals against Defendant Mundunuri. When Plaintiff's condition worsened, Plaintiff sought a return to the neurosurgeon for evaluation for surgery. Defendant Mundunuri accused Plaintiff of "changing her mind constantly" about the decision to have lumbar spinal fusion, when in fact Plaintiff was only following the conservative management as recommended by the neurosurgeon because the surgery was a large operation with risks involved. (ECF No. 45 at ¶24.) Defendant Mundunuri continued to either refuse Plaintiff care or give inadequate care. On August 10, 2015, Defendant Mundunuri gave Plaintiff an inappropriate unclothed rectal exam, instructing Plaintiff to "lean over her desk and drop her pants." (Id. at ¶196.) Plaintiff asked for a female nurse to attend the exam instead of the usual male LVN, but her request was denied. The exam caused Plaintiff intense lower back strain and spasms, and emotional distress and depression because it brought back memories of prior abuse against her.

///

///

///

## III.     LEGAL STANDARDS

### A.     Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 679 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. at 680 (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.     Motion for Judgment on the Pleadings**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) quoting Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999). The court must assume the truthfulness of the material facts alleged in the complaint, Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the answer that contradict" the complaint, Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh–Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989).

The legal standard that governs a Rule 12(c) motion is the same as that which governs a Rule 12(b)(6) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c). A district court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Summit Media LLC v. City of Los Angeles, 530 F.Supp.2d 1084, 1096 (C.D.Cal. 2008). Extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

### C. Statute of Limitations

Federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.

California's statute of limitations for professional negligence actions requires that the claim be filed within three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Cal. Code Civ. Proc., § 340.5; Artal v. Allen, 111 Cal.App.4th 273, 278, 3 Cal.Rptr.3d 458, 462 (2003). Thus, section 340.5 contains two periods of limitation, a three-year period and a one-year period, both of which must be met. Artal, 111 Cal.App.4th at 278, 3 Cal.Rptr.

3d at 462 (citing Rose v. Fife, 207 Cal.App.3d 760, 767–768, 255 Cal.Rptr. 440 (1989)).

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989). Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code. Civ. Proc., § 352.1

Under section 340.5, the three-year period for a professional negligence claim is also tolled "(1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." Cal Code Civ. Proc., § 340.5. The statute makes clear, however, that the one-year period is not similarly extended. Thus, "regardless of extenuating circumstances, the patient must bring . . . suit within one year after he or she discovers, or should have discovered, [the] 'injury.'" Id. (citing Sanchez v. South Hoover Hospital, 18 Cal.3d 93, 100–101, 132 Cal.Rptr. 657, 553 P.2d 1129 (2003)); Gutierrez v. Mofid, 39 Cal.3d 892, 896, 218 Cal.Rptr. 313, 705 P.2d 886 (1985)).

The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally, whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law, equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or

extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 371)).

### D. Exhaustion of Administrative Remedies

#### 1. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

#### 2. California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

Before January 28, 2011, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§

3084.5, 3084.6(c) (2009). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level. Id. at § 3084.5 (2009). A final decision at the third level[4] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005). Since January 28, 2011, California prisoners are required to submit appeals within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(c). Three levels of appeal are involved, including the first level, second level, and third level. Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3).

Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs., tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs., tit. 15, § 3084.2(a)(4).

In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### 3. Exhaustion Motion

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[5] or (2) a motion for summary judgment under Rule

---

[4] The third level is sometimes known as the Director's level.

[5] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino II, 747 F.3d at 1162.

56. Albino v. Baca ("Albino II"), 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira, 427 F.3d at 1175–76.

### E. California Government Claims Act

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov. Code, §§ 905.2, 910, 911.2, 945.4, 950-950.2 (2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

## IV. DEFENDANT REBEL'S MOTION TO DISMISS

### A. Defendant Rebel's Position

Defendant Rebel argues that Plaintiff's Eighth Amendment medical claims and state law negligence claims against him in the Fourth Amended Complaint are untimely and barred by the applicable statutes of limitations. Defendant Rebel asserts that the statute of limitations for an Eighth Amendment claim is four years; the statute of limitations for a professional negligence claim is three years; that Plaintiff did not file this lawsuit until nearly seven years after her one and only visit with Defendant Rebel on October 19, 2006. Defendant Rebel argues that the statute of limitations began to run on October 19, 2006, and expired four years later for the Eighth Amendment claim and three years later for the negligence claim.

Defendant Rebel requests the Court to take judicial notice of three documents filed in this case, Plaintiff's original Complaint filed on September 12, 2013, Plaintiff's Fourth

Amended Complaint filed on September 21, 2015, and the Court's order filed on February 4, 2016. Defendant Rebel requests dismissal of Plaintiff's claims against him in their entirety, without leave to amend.

### B.     Opposition and Reply

Plaintiff argues that her claims against Defendant Rebel are timely and applicable under the statutes of limitations for both a § 1983 deliberate indifference civil case and a professional negligence case. She asserts that she did not discover her injury until April 19, 2011 when she was seen by a spine specialist neurosurgeon [other than Dr. Rebel]. Plaintiff alleges that she was seen by Defendant Rebel on October 19, 2006 and August 9, 2007, but the extent of her injury was not known until April 19, 2011. Plaintiff argues that it is not reasonable to assume that she was aware of the severity of her condition immediately upon seeing Defendant Rebel, especially since Defendant Rebel insisted that Plaintiff did not need to be seen further in the orthopedic clinic. Plaintiff alleges that Defendant Rebel failed to order testing, thus concealing the seriousness of her condition from her and preventing her from the discovery of her cause of action. Because of the concealment, Plaintiff argues that the doctrine of equitable estoppel tolled the limitations period.

Plaintiff also argues that the violation of her rights was a "continuing wrong" which took place over a period of time, and the statute of limitations did not start to run until the end of that period. She claims she diligently tried to obtain adequate medical care for her worsening lower back pain but was repeatedly denied care "in the face of Defendant Rebel's 'specialist' status, making her seem like a malinger (*sic*)." (ECF No. 94 at 13:7-9.) Plaintiff requests leave to amend the Fourth Amended Complaint if the Court decides to grant Defendant Rebel's motion to dismiss. Plaintiff requests the Court to take judicial notice of the exhibits attached to her opposition.

In reply, Defendant Rebel argues that Plaintiff's opposition provides evidence that she was aware of her injuries long before the filing of her lawsuit.

///

///

### C. Discussion

The Court applies the standards applicable to Rule 12(b)(6) motions to dismiss, set forth above. Here, evidence outside of the Fourth Amended Complaint submitted by Plaintiff and Defendant Rebel is unnecessary to resolve Defendant Rebel's motion. Therefore, the Court declines to take judicial notice of materials outside of the complaint.

As discussed above, "[a] claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Fink, 192 F.3d at 914. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)). "[W]here the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th Cir. 1990); In re Swine Flu Prod. Liab. Litig., 764 F.2d 637, 638 (9th Cir. 1985); Lundy v. Union Carbide Corp., 695 F.2d 394, 397-98 (9th Cir.1982).

Here, the Court finds that the running of the statute is apparent on the face of Plaintiff's Fourth Amended Complaint. The Fourth Amended Complaint alleges that Plaintiff was seen by Defendant Rebel only once, for an orthopedic consultation on October 19, 2006, that Dr. Rebel failed to conduct appropriate tests and did not review prior tests, and that he persisted in a course of treatment that was ineffective despite knowing of Plaintiff's diagnoses and problems. Based on these allegations, it appears that the statute of limitations began to run on October 19, 2006. Plaintiff did not file this lawsuit until nearly seven years later, on September 12, 2013. Thus, on the face of the Fourth Amended Complaint, Plaintiff's claims against

///

Defendant Rebel are barred. Therefore, the Court should grant Defendant Rebel's motion to dismiss.

However, Plaintiff should be granted leave to amend the complaint to allege additional facts to support her claims against Defendant Rebel, to demonstrate that Plaintiff's claims are not time-barred by California Code of Civil Procedure section 340.5. Specifically, Plaintiff should be granted an opportunity to allege <u>facts</u> showing how and when she became suspicious of Dr. Rebel's alleged negligence. It is Plaintiff's suspicion of negligence, rather than confirmation of that suspicion, that triggers the limitations period. (Knowles v. Superior Court 118 Cal.App.4th 1290, 1300 (2004)).

V. **DEFENDANT ZIOMEK'S MOTION FOR JUDGMENT ON THE PLEADINGS**

    A. **Defendant Ziomek's Position**

Defendant Ziomek argues that Plaintiff's complaint alleges facts showing she failed to exhaust her administrative remedies for her Eighth Amendment claim against Defendant Ziomek, because the claim was filed more than four years after the claim accrued. Defendant Ziomek asserts that there are no allegations in the Fourth Amended Complaint that Defendant Ziomek evaluated or treated Plaintiff, or was deliberately indifferent to Plaintiff's medical needs on any occasion after June 10, 2008. For this reason, Defendant Ziomek argues that Plaintiff knew, or should have known, of her injury on June 10, 2008, and therefore the claim against Defendant Ziomek accrued on that date. Defendant Ziomek concludes that because Plaintiff filed the original Complaint on September 12, 2013, more than five years after the claim accrued, Plaintiff's claim against Defendant Ziomek is barred as a matter of law.

    B. **Opposition**

Plaintiff argues that she filed her lawsuit in a timely manner against Defendant Ziomek because it was filed within four years of April 19, 2011, the date her injury was discovered by a neurosurgeon specialist. Plaintiff asserts that the statute of limitations for a professional negligence claim is three years and the statute of limitations for an Eighth Amendment claim is four years. Plaintiff claims that she had no idea what her exact cause of injury was when Defendant Ziomek examined her on June 10, 2008. Plaintiff represents that she was hindered

from discovering her injury because she was repeatedly denied access to an MRI exam and spine specialist after Defendant Ziomek decided that she should not have further testing. Plaintiff argues that her injury was concealed from her by Defendant Ziomek.

Plaintiff also argues that she exhausted her administrative remedies for the claims against Defendant Ziomek because she filed multiple prison health care appeals attempting to obtain various types of care that would relieve her chronically unrelieved lower back pain with pain management.

### C. Conclusion

On the face of the Fourth Amended Complaint, it appears that Plaintiff's claim against Defendant Ziomek is barred by the three-year statute of limitations for professional negligence as she was only seen once by Defendant Ziomek on June 10, 2008; given that she filed the original Complaint on September 12, 2013, more than three years later. Even adding two years for the tolling provision for prisoners found in state law, does not fill the gap as it was more than five years after June 10, 2008, before the original Complaint was filed. Thus, based only on the allegations in the Fourth Amended Complaint, Defendant Ziomek is entitled to judgment on the pleadings, and the claim against Defendant Ziomek should be dismissed.

Plaintiff now alleges that she did not discover her injury until April 19, 2011, because Defendant Ziomek denied her the tests she needed, concealing the nature of her injury and medical history until after she was given an MRI exam by another doctor. There is no allegation in the Fourth Amended Complaint clearly stating Plaintiff was delayed in discovering her injury. Plaintiff should be granted leave to amend the complaint to allege additional facts to support her claims against Defendant Ziomek, to demonstrate that Plaintiff's claims are not time-barred by Code of Civil Procedure section 340.5. As with Plaintiff's claims against Defendant Rebel, Plaintiff should be granted leave to allege <u>facts</u> showing how and when she became suspicious of Dr. Ziomek's deliberate indifference and negligence.

///
///
///

## VI. DEFENDANT MUNDUNURI'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Defendant Mundunuri's Position

Defendant Dr. Mundunuri argues that he is entitled to judgment on the pleadings for Plaintiff's negligence claim against him, because the negligence claim is based on alleged events that occurred after the original Complaint was filed and after the requisite Government Claim was rejected. Defendant Mundunuri asserts that according to the allegations in the Fourth Amended Complaint, Plaintiff's negligence claim against Defendant Mundunuri is based on events that occurred on November 20, 2014, in February and May of 2015, and on August 10, 2015. All of these events occurred after the original Complaint was filed on September 12, 2013.

Defendant Mundunuri also argues that Plaintiff's evidence of compliance with the Government Claims Act, showing rejection of the claim on March 1, 2013, cannot be timely, because Plaintiff's allegations against Defendant Mundunuri in the Fourth Amended Complaint are based on events that occurred after March 1, 2013.

### B. Plaintiff's Opposition

Plaintiff argues that she exhausted her administrative remedies for her claims against Defendant Mundunuri, because Defendant Mundunuri treated her from 2011 to 2015, before and after the original Complaint was filed, and the alleged events are related to each other and revolve around all the aspects of her pain management regime under Defendant Mundunuri. Plaintiff also argues that all of the after-occurring events relate back to the original Complaint, and that she exhausted her remedies with 602 appeal No. CCWF-HC1206763.

Plaintiff also asserts that she supplemented her original complaint by adding allegations of after-occurring events, and that she continued to file prison grievances and government claims as late as 2016 concerning the after-occurring events.

### C. Discussion

As discussed above, in order to satisfy § 1997e(a), California state prisoners are required to use the prison appeals process available at their prison to exhaust their claims prior

to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201. Plaintiff filed this lawsuit on September 12, 2013. Therefore, Plaintiff was required to exhaust all of the claims in her lawsuit before September 12, 2013.

Plaintiff's assumption that she is permitted to add allegations to the complaint of events occurring after September 12, 2013, is unpersuasive. Plaintiff argues that she supplemented her complaint with after-occurring events because they were related to the events occurring before the original complaint was filed. However, under Rule 15(d), a party may only file a supplemental complaint with leave of court.[6] Fed. R. Civ. P. 15(d). In this case, Plaintiff has not filed a motion to supplement the complaint, nor has the Court granted her leave to file a supplemental complaint. Because Plaintiff did not have leave to supplement the complaint, her allegations of after-occurring events were improperly included in the Fourth Amended Complaint and should be dismissed.

Plaintiff's argument that she exhausted her remedies for claims against Defendant Mundunuri with 602 appeal No. CCWF-HC1206763 is without merit. Appeal No. CCWF-HC1206763 concerned, in part, a medical exam by Dr. Mundunuri on May 22, 2012, and the appeal was denied at the Director's Level on September 11, 2013. (ECF No. 155 at 120-125.) While this appeal was processed to the final level of review, it could not have exhausted Plaintiff's remedies for claims against Defendant Mundunuri arising from events occurring in 2014 and 2015, after Plaintiff filed the original Complaint on September 12, 2013.

Based on the foregoing, Plaintiff's claims against Defendant Mundunuri arising after the original Complaint was filed on September 12, 2013, should be dismissed from this action for Plaintiff's failure to exhaust remedies before filing suit.

///

///

///

---

[6] "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

## VI. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **THE COURT HEREBY RECOMMENDS** that:

1. Defendant Rebel's Rule 12(b)(6) motion to dismiss, filed on April 9, 2016, be GRANTED, with leave to amend;

2. Defendant Ziomek's motion for judgment on the pleadings, filed on August 31, 2016, be GRANTED, with leave to amend;

3. Defendant Munduruni's motion for judgment on the pleadings, filed on August 31, 2016, be GRANTED;

4. Plaintiff's claims against Defendant Mundunuri arising from events occurring after September 12, 2013, be dismissed from this case based on Plaintiff's failure to exhaust administrative remedies; and

5. Plaintiff be granted thirty days in which to file a Fifth Amended Complaint not exceeding 25 pages,[7] for the purpose of adding factual allegations showing that her claims against defendants Rebel and Ziomek are not time-barred by California Code of Civil Procedure section 340.5.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

---

[7] Under federal notice pleading a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's original Complaint consisted of 71 pages of narrative and 730 pages of exhibits. (ECF No. 1.) The First Amended Complaint was 28 pages long with no exhibits. (ECF No. 15.) The Second Amended Complaint was 53 pages long with no exhibits. (ECF No. 28.) The Third Amended Complaint consisted of 52 pages of narrative and 22 pages of exhibits. (ECF No. 41.) Plaintiff's Fourth Amended Complaint consisted of 64 pages of narrative divided into 273 paragraphs. (ECF No. 45.) Plaintiff's lengthy narratives do not succinctly allege facts against the named defendants. Given that Plaintiff's medical claims against defendants are all related, twenty-five pages is sufficient for Plaintiff to identify her claims and set forth specific facts in support of those claims.

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 18, 2017**                              /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE