UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>       Plaintiff,<br><br>   v.<br><br>ROMERO, et al.,<br><br>       Defendants. | No.  1:13-cv-01473-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT REBEL'S MOTION TO DISMISS, WITH LEAVE TO AMEND; GRANTING DEFENDANT ZIOMEK'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND; AND GRANTING DEFENDANT MUNDUNURI'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 57, 122, 158, 182.) |

   Plaintiff, Dana Gray, is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On January 18, 2017, findings and recommendations were issued recommending that: (1) defendant Rebel's motion to dismiss be granted with thirty days leave to amend; (2) defendant Ziomek's motion for judgment on the pleadings on statute of limitations grounds be granted with

/////

/////

thirty days leave to amend[1]; defendant Mundunuri's motion for judgment on the pleadings due to plaintiff's failure to exhaust administrative remedies granted and that plaintiff's claims against defendant Mundunuri arising from events occurring after the filing of plaintiff's original complaint on September 12, 2013, be dismissed due to plaintiff's failure to exhaust her administrative remedies prior to filing suit. (Doc. No. 158.) The findings and recommendations included notice that any objections thereto were to be file d within thirty days. (*Id.*) On February 9, 2017, plaintiff was granted a thirty-day extension of time in which to file objections. (Doc. Nos. 167, 168.) On March 15, 2017, plaintiff requested a second thirty-day extension of time to file objections to the findings and recommendations. (Doc. Nos. 178.) On March 17, 2017, the assigned magistrate judge denied plaintiff's request for a second thirty day extension of time to file objections, finding that plaintiff had already been granted two months to object and that she had failed to establish good cause for the granting of any additional time to do so. (Doc. No. 180.) On March 27, 2017, plaintiff filed yet another motion seeking an additional thirty days in which to file objections to the January 18, 2017 findings and recommendations, referring to the unavailability of an unidentified expert witness but providing no other support for the requested extension of time. (Doc. No. 182.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

---

[1] The nature of the motion for judgment on the pleadings brought on behalf of defendant Ziomek is somewhat unusual and is presented in a confusing fashion. With respect to the latter aspect of the motion, defense counsel confusingly stated: "Plaintiff failed to exhaust administrative remedies to file an Eighth Amendment claim against Defendant Ziomek because the complaint was filed more than four years after the claim accrued." (Doc. No. 122 at 4.) Despite the repeated references to administrative exhaustion, it is apparent that defendant Ziomek's motion seeks dismissal solely on statute of limitations grounds. (Id. at 7.) Although typically a motion seeking dismissal on statute of limitations grounds is brought as a motion to dismiss, it may be brought as a motion for judgment on the pleadings; however, leave to amend following the granting of such a motion is also appropriate. *See Jaeger v. Howmedica Osteonics Corp.*, Case No. 15-cv-00164-HSG, 2016 WL 520985, at * (N.D. Cal. Feb. 10, 2016) (granting 12(c) motion with leave to amend also granted); *Brandhorst v. ESL, Inc.*, C 94-20528 RMW, 1995 WL 232381, at *2 (N.D. Cal. Apr. 3, 1995) (granting 12(c) motion with leave to amend where the issue was whether the pro se plaintiff's claims were barred by the applicable statute of limitations).

Accordingly:

1. Plaintiff's March 27, 2017, motion for extension of time to file objections to the January 18, 2017 findings and recommendations (Doc. No. 182) is denied;

2. The January 18, 2017 findings and recommendations are ADOPTED IN FULL;

3. Defendant Rebel's motion to dismiss brought pursuant to Rule 12(b)(6) (Doc. No. 57), filed on April 29, 2016 is GRANTED, with leave to amend;

4. Defendant Ziomek's motion for judgment on the pleadings brought pursuant to Rule 12(c) (Doc. No. 122) is GRANTED with leave to amend;

5. Defendant Mundunuri's motion for judgment on the pleadings brought pursuant to Rule 12(c) (Doc. No. 122), filed on August 31, 2016 is GRANTED and plaintiff's claims against defendant Mundunuri arising from events allegedly occurring after the filing of plaintiff's original complaint in this action on September 12, 2013 are dismissed from this case due to plaintiff's failure to exhaust administrative remedies prior to filing suit with respect to those claims;

6. Plaintiff is granted thirty days in which to file a fifth amended complaint not exceeding 25 pages in length, for the purpose of attempting to cure the deficiencies noted in the findings and recommendations by adding sufficient factual allegations demonstrating that her claims against defendants Rebel and Ziomek are not time-barred under California Code of Civil Procedure § 340.5; and

7. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 27, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3