UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>   vs.<br><br>ROMERO, et al.,<br><br>        Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br>**(ECF Nos. 177, 183.)** |

## I. BACKGROUND

Plaintiff is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

On March 15, 2017, Plaintiff filed objections to the court's order of March 2, 2017, (ECF No. 177), and on March 27, 2017, Plaintiff filed objections to the court's order of February 3, 2017. (ECF No. 183.)  The court construes Plaintiff's objections as motions for reconsideration of the court's orders.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.   DISCUSSION**

Plaintiff requests reconsideration of the court's orders of February 3, 2017, and March 2, 2017.

The court's order of February 3, 2017, denied three of Plaintiff's motions: (1) motion for a 90-day extension of the discovery deadline, filed on January 26, 2017 (ECF No. 159); (2) motion for leave to supplement the complaint, filed on February 1, 2017 (ECF No. 162), and (3) motion for 90-day extension of the discovery deadline, filed on February 1, 2017 (ECF No. 163).

The court's order of March 2, 2017, denied three of Plaintiff's other motions: (1) motion for 90-day extension of time to submit Fifth Amended Complaint, filed on February 9, 2017 (ECF No. 166), (2) motion to supplement the complaint with submission of Fifth Amended Complaint, filed on February 16, 2017 (ECF No. 171), and (3) motion to amend and supplement the complaint, filed on February 22, 2017 (ECF No. 172).

All six of Plaintiff's motions listed above were denied as premature because at the time Plaintiff filed the motions, findings and recommendations were pending recommending that Defendant Rebel's motion to dismiss be granted, with leave to amend; that Defendant Ziomek's motion for judgment on the pleadings be granted, with leave to amend; and that Defendant Mundunuri's motion for judgment on the pleadings be granted.  The court could not properly consider Plaintiff's six motions until <u>after</u> the resolution of the findings and recommendations.  Therefore, Plaintiff's six motions were premature.

The court has thoroughly reviewed Plaintiff's objections and finds that she has not set forth facts or law of a strongly convincing nature in her motions for reconsideration to induce the court to reverse its prior decisions.  Therefore, Plaintiff's motions for reconsideration shall be denied.

**IV.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for reconsideration, filed on March 15, 2017, and March 27, 2017, are DENIED.

IT IS SO ORDERED.

Dated:   **March 30, 2017**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE