UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITHOUT PREJUDICE<br>(ECF No. 192.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS |

**I.　BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 12, 2013. (ECF No. 1.)

Plaintiff is presently incarcerated at the Central California Women's Facility (CCWF) in Chowchilla, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in this action occurred.

On March 28, 2017, the court granted defendant Rebel's motion to dismiss the claims against him in the Fourth Amended Complaint with leave to amend, and defendant Ziomek's motion for judgment on the pleadings with leave to amend. (ECF No. 184.) Plaintiff was

granted thirty days in which to file a Fifth Amended Complaint. (Id.) To date, Plaintiff has not filed the Fifth Amended Complaint.

On April 5, 2017, Plaintiff filed a motion for preliminary injunctive relief, requesting a court order requiring CCWF to provide her with surgery and post-operative rehabilitation treatment within ninety days. (ECF No. 192.) In the alternative, Plaintiff requests the court to require CDCR to release her from custody on lifetime parole within ninety days so she can obtain needed medical care outside of CCWF.

Plaintiff's motion for preliminary injunctive relief is now before the court.

## II. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Because Plaintiff has not filed the Fifth Amended Complaint, there is presently no complaint on file for which this case can proceed, and therefore there is no case or controversy before the court. For these reasons, Plaintiff's motion for preliminary injunctive relief must be denied for lack of jurisdiction. Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.[1]

### III. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's motion for preliminary injunctive relief should be dismissed for lack of jurisdiction. Therefore, it is **HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 5, 2017, be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **April 13, 2017**            **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] After the Fifth Amended Complaint is filed, the court shall screen it in due course to determine if it states any cognizable claims. 28 U.S.C. § 1915A.