UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
|---|---|
| Plaintiff, | **ORDER STRIKING FIFTH AMENDED COMPLAINT FOR EXCESS PAGES, WITHOUT LEAVE TO AMEND (ECF No. 205; also resolves No. 203.)** |
| vs. | |
| ROMERO, et al., | |
| Defendants. | **ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL** |
| | **THIRTY (30) DAY DEADLINE** |

**I. BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.) On May 2, 2016, the court issued a discovery and scheduling order opening discovery and setting deadlines for the parties. (ECF No. 60.) The deadlines were extended on July 22, 2016 and November 22, 2016. (ECF Nos. 106, 148.) Discovery is now closed and all of the deadlines have expired. On March 28, 2017, the court granted defendant Rebel's motion to dismiss, defendant Ziomek's motion for judgment on the pleadings, and defendant Mundunuri's motion for judgment on the pleadings. (ECF No. 184) Plaintiff was granted leave to file a Fifth Amended Complaint not exceeding twenty-five pages in length. (Id.)

1

## II. FIFTH AMENDED COMPLAINT

On May 2, 2017, Plaintiff filed the Fifth Amended Complaint. (ECF No. 205.) Plaintiff's Fifth Amended Complaint is forty-four pages long, which exceeds the twenty-five page limit imposed by the court. Therefore, the Fifth Amended Complaint shall be stricken from the record.[1]

## III. NO LEAVE TO AMEND

Plaintiff shall not be granted leave to amend the complaint until after the resolution of pending motions affecting the content of the complaint. Plaintiff has filed a motion to supplement the complaint; motion to strike part of the Magistrate's findings and recommendations of January 8, 2017; motion to accept Plaintiff's objections to the findings and recommendations; and motion for reconsideration of the court's March 28, 2017, order. Until these issues are resolved, it does not serve judicial efficiency or benefit the parties to allow Plaintiff to file a Sixth Amended Complaint.

## IV. SETTLEMENT CONFERENCE

Plaintiff has indicated that she is "eager to regain her health and to proceed to settlement and/or trial." (ECF No. 204 at 3:4-5.) Therefore, the court now inquires of the parties whether a settlement conference would be beneficial in this case.

The court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the court.[2]

Defendants' counsel shall notify the court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

notify the court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

**V. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Fifth Amended Complaint, filed on May 2, 2017, is STRICKEN from the record for exceeding the twenty-five page limit imposed by the court, without leave to amend; and

2. Within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order, notifying the court if a settlement conference would be beneficial.[3]

IT IS SO ORDERED.

Dated: **May 4, 2017**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

---

[3] The issuance of this order does not guarantee referral for settlement, but the court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.