UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT REBEL'S MOTION TO DISMISS UNDER RULE 41(b) BE DENIED** |
| vs. | |
| ROMERO, et al., | **(ECF No. 221.)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.   BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On May 4, 2017, the court issued an order striking Plaintiff's Fifth Amended Complaint, filed on May 2, 2017, as it was filed in violation of the court's order, without leave to amend until after the resolution of pending motions affecting the content of the complaint. (ECF No. 206.) The court's order required the parties to respond within thirty days whether it

1

would be beneficial for the court to schedule a settlement conference. (Id.) Defendants responded that a settlement conference would not be beneficial. (ECF Nos. 207, 220.)

On June 17, 2017, defendant Dr. Cyril Rebel ("Defendant") filed a motion to dismiss this case under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 221.) On June 21, 2017, Plaintiff filed an opposition and a motion for summary judgment. (ECF No. 225.) On June 28, 2017, Defendant filed a reply. (ECF No. 227.)

## II.  DEFENDANT REBEL'S MOTION TO DISMISS UNDER RULE 41(b)

### A.  Legal Standard

Rule 41(b) provides that a plaintiff's failure to prosecute her claim or to comply with a court order is grounds for involuntary dismissal of the action. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R., 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (recognizing the district court's authority to dismiss a plaintiff's action with prejudice for failure to prosecute the action).

A dismissal under Rule 41(b) serves as an adjudication on the merits unless the dismissal states otherwise. Fed. R. Civ. P. 41(b). Because dismissal under Rule 41(b) "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Lal v. California, 610 F.3d 518, 525 (9th Cir. 2010) (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

To avoid dismissal, a plaintiff is required to prosecute her claim with "reasonable diligence." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In determining whether to dismiss an action for failure to prosecute or comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favouring disposition of cases on their merits." Id. Dismissal may be justified when "at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Yourish v.

California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

**B.     Defendant's Motion**

Defendant moves for the involuntary dismissal of this action and for an entry of judgment in Defendant's favor, and against Plaintiff, on the grounds that "Plaintiff has persisted with multiple filings, oppositions, objections, requests and motions that have unnecessarily impeded the progress of this litigation, in blatant disregard for the rulings of this Court." (Id. at 3:17-20.) Defendant asserts that Plaintiff failed to comply with the court's order of March 28, 2017, which required Plaintiff to "'file a fifth amended complaint not exceeding 25 pages in length, . . adding sufficient factual allegations demonstrating that her claims against defendants Rebel and Ziomek are not time-barred under California Code of civil Procedure § 340.5.'" (ECF No. 221 at 4:2-6, quoting ECF No. 184.) Defendant states that "Plaintiff's response to this order was the submission of a (proposed) Fifth Amended Complaint which was 44 pages in length . . . [and] failed yet again to add sufficient factual allegations demonstrating that her claims against Dr. Rebel were not time-barred." (Id. at 4:7-11.)

Defendant also attests that Plaintiff *sua sponte* offered testimony from a *pro bono* expert witness despite the lack of authority to submit expert medical testimony at this stage of the case.  Defendant argues that he [Defendant] should not be subjected to this costly and harassing litigation which has been proceeding for over four years and has incurred over $40,000 in attorney's fees and costs in the defense of Dr. Rebel.

Defendant contends that four of the five applicable factors enumerated above weigh in favor of dismissal of this action:  "(1) the public's interest in expeditious resolution of litigation, because the progress of this case over the past 4+ years has been anything but expeditious due to Plaintiff's incessant filings and non-compliance with Court orders; (2) this Court's need to manage its docket, because the caseload of the Fresno Division is particularly onerous; (3) the prejudice to Dr. Rebel, because of the time, energy and monetary expenses (in excess of $40,000) that he (and his professional liability carrier) have expended during the pendency of this case; and (4) the absence of less drastic alternatives, because Plaintiff's claims

3

against Dr. Rebel are time-barred, as has already been determined by this Court." ECF No. 221 at 7:3-12.)

### C. **Plaintiff's Opposition**

Plaintiff argues that Defendant misstated the facts in his motion to dismiss. Plaintiff argues that she has shown that her claims are not time barred, because Defendant Rebel was her specialist of record until April 19, 2011, and Plaintiff's injuries are continuing violations. Plaintiff claims that Defendant has delayed the proceedings by refusing to enter into settlement negotiations for Plaintiff's medical claims and by avoiding facing accountability for his medical errors.

Plaintiff also asserts that she has been timely and compliant with court orders, that her documents each have a clear objective related to prosecution, that she is entitled to use the assistance of a jailhouse lawyer, and that Plaintiff's, and her jailhouse lawyer's criminal convictions, are not relevant to this case.

Plaintiff cites case authority in support of her assertion that she has not failed to prosecute this case. Plaintiff also argues that pursuant to the five factors enumerated above, her case should not be dismissed because she has worked toward an expedient resolution of this case; it is not prejudicial to Defendant for Plaintiff to have "medical merits;" Plaintiff should be allowed to proceed with this case using the assistance of her jailhouse lawyer; and Plaintiff favors adjudication of this case on the merits. (ECF No. 226 at 14:21-22.)

### D. **Discussion**

The court does not find that Plaintiff failed to prosecute this case. On the contrary, Plaintiff has shown extreme diligence in responding to court orders, filing motions, and submitting arguments in support of her claims. To date, more than 230 documents have been filed in this case, approximately half of them by Plaintiff.

However, the court *does* find that Plaintiff failed more than once to comply with court orders. Most recently, on May 2, 2017, Plaintiff filed a Fifth Amended Complaint that was 44 pages long, in violation of the court's March 28, 2017, order limiting her to 25 pages. (ECF Nos. 184, 204.) This violation resulted in the striking of the Fifth Amended Complaint,

without leave to amend pending the resolution of pending motions. Plaintiff has also persisted with unreasonable litigation practices such as filing voluminous documents without good cause, filing multiple requests for the same relief, and inundating the court and Defendants with unmeritorious motions.

As discussed below, the court finds that only two of the five factors strongly favor the dismissal of this case at this time.

### 1. The Public's Interest in Expeditious Resolution of Litigation

The public's interest in expeditious resolution of litigation always favors dismissal. Yourish, 191 F.3d at 990. This case has been pending more than four years, since September 12, 2013. Plaintiff has caused delays in the litigation by her filing of voluminous documents and her persistence in challenging a large number of the court's decisions. However, other delays that cannot be attributed to Plaintiff have also arisen due to the court's heavy caseload, daily workload, and busy calendar. Nonetheless, whatever the reasons for delay, the court finds that the public's interest in resolution of cases strongly favors dismissal of this case.

### 2. The Court's Need to Manage Its Docket

"District courts have an inherent power to control their dockets." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (1986) (per curiam)). The court's need to manage its docket favors dismissal when the plaintiff's conduct causes "the action to come to a complete halt thereby allowing [the plaintiff] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990. In this case, Plaintiff's failure to follow court directives and the unreasonable volume of her filings have hindered the court's ability to move this case toward disposition. Therefore, the court finds that the second factor also strongly favors dismissal.

### 3. The Risk of Prejudice to Defendants

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). A rebuttable presumption of prejudice arises

from a plaintiff's unexplained failure to prosecute. Hernandez, 138 F.3d at 400–01 (9th Cir. 1998). In this instance, this presumption is unwarranted because Plaintiff has not failed to prosecute this case, and while Plaintiff's failure to comply with the court's directives causes prejudice to Defendants, this factor does not strongly favor dismissal of this case at this stage of the litigation. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is well settled that where a plaintiff appears *in pro per* in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See Karim–Panahi, 839 F.2d at 623. Consequently, the court finds that the third factor does not strongly favor dismissal.

### 4. **Availability of Less Drastic Alternatives**

Under the fourth factor, the court must consider "alternate, less severe, sanctions before ordering dismissal." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994). Sanctions alternative to dismissal include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine . . . ," Malone v. United States Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir. 1987), and amendment of the complaint, AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" (quoting Fed. R. Civ. P. 15(a)). However, every alternative sanction need not be exhausted to dismiss a case. Henderson, 779 F.2d at 1424. In fact, a warning by the court that failure to obey a court order may result in dismissal can satisfy the requirement to consider alternative sanctions. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Malone, 833 F.2d at 132–33). Here, the court's order granting Plaintiff leave to "file a fifth amended complaint not exceeding 25 pages in length" did not explicitly warn Plaintiff that terminating sanctions could result if she failed to comply with the order, ECF No. 184 at 3, and thus did not satisfy the court's obligation to consider less drastic alternatives to dismissal pursuant to Ferdik. In this case, the court recommends that the case be allowed to proceed subject to Plaintiff's compliance with court orders and adherence to reasonable litigation practices from this date forward. Accordingly, the court finds that the fourth factor does not support dismissal.

### 5. Public Policy Favoring Disposition of Cases on Its Merits

Because public policy favors disposition of a case on the merits, the fifth factor tends to weigh against dismissal. See e.g., Hernandez, 138 F.3d at 399, 401 (9th Cir. 1998) ("[T]he public policy favoring disposition of cases on their merits counsels strongly against dismissal.") However, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). While delays have slowed this matter's progression to resolution on the merits, the court finds it inappropriate to dismiss this case at this stage of the proceedings without an opportunity for Plaintiff to demonstrate that she is willing and able to engage in reasonable litigation and comply with the court's orders. Therefore, the court finds that the fifth factor does not favor dismissal.

Based on the foregoing analysis, the court finds that dismissal of this matter for failure to prosecute and failure to comply with court orders under Rule 41(b) is not warranted. Accordingly, the court shall recommend that Defendant Rebel's motion for involuntary dismissal of this case be denied.

### V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Rebel's motion to dismiss this case under Rule 41(b), filed on June 2, 2017, be DENIED;
2. This case be allowed to proceed subject to Plaintiff's compliance with court orders and adherence to reasonable litigation practices from this date forward; and
3. This case be referred back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be

served and filed within **ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 6, 2017**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE