UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROMERO, et al.,<br><br>        Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL**<br>**(ECF Nos. 160, 170.)** |

**I.  BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case was filed on September 12, 2013.  (ECF No. 1.)

On January 26, 2017, Plaintiff filed a motion for a protective order.  (ECF No. 160.)  On January 27, 2017, defendant Rebel filed a response.  (ECF No. 161.)

On February 16, 2017, Plaintiff filed a motion to compel discovery and to prohibit defendant Rebel from using documents or information.  (ECF No. 170.)  On February 23, 2017, defendant Rebel filed a response.  (ECF No. 173.)

Plaintiff's motion for a protective order, motion to compel, and motion to prohibit use of documents and information are now before the court.  Local Rule 230(*l*).

1

## II. MOTION FOR PROTECTIVE ORDER

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance"); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Plaintiff seeks an order barring defendant Rebel from gaining access to confidential records stored in Plaintiff's Central File (C-File) at CCWF, which concern Plaintiff's mental health and her treatment by mental health professionals at CCWF.

This issue arose during discovery proceedings in 2016. On May 23, 2016, Plaintiff filed a motion to quash the subpoena issued by defendant Rebel by which defendant Rebel sought possession of Plaintiff's entire C-file in the possession of the CDCR. (ECF No. 81.) On November 17, 2016, the court issued an order granting the motion to quash, ordering that "[n]o records shall be produced pursuant to the subpoena at issue absent further order of the Court." (Id. at 8:7-8.) On December 1, 2016, defendant Rebel filed a statement of compliance with the November 17, 2016, order, stating that "Dr. Rebel and his counsel will not further pursue production of plaintiff's Central file and psychiatric records for purposes of Dr. Rebel's motion to dismiss." (ECF No. 150 at 2 ¶3.)

On January 27, 2017, in response to Plaintiff's motion for a protective order, defendant Rebel stated that CCWF "did not produce a copy of Plaintiff's entire C-File to Dr. Rebel or to his record copying service, . . . [and] that neither he nor his counsel were in possession of

Plaintiff's entire C-File. The only records from Plaintiff's C-File in Dr. Rebel's possession are those that Plaintiff has herself produced in this case in opposition to Dr. Rebel's motion to dismiss." (ECF No. 161 at 1.) Defendant argues that Plaintiff's motion for a protective order is premature because at the present time, Dr. Rebel is not seeking production of Plaintiff's Central File or her psychotherapy records." (Id. at 1-2.)

Plaintiff has not identified specific documents in her C-File which she seeks to protect, and defendant Rebel asserts that he is not presently seeking production of Plaintiff's C-File or psychiatric records.[1] The court shall not issue a protective order based on Plaintiff's speculation that defendant Rebel may, sometime in the future, attempt to discover unidentified confidential documents. Therefore, Plaintiff's motion for a protective order shall be denied.

### III. MOTION TO COMPEL AND MOTION TO PROHIBIT USE OF DOCUMENTS

#### A. Motion to Compel

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Plaintiff requests the court to compel defendant Rebel to provide her with copies of any discovery obtained as a result of the subpoena dated May 12, 2016. Defendant Rebel states that in August 2016, pursuant to the May 12, 2016, subpoena served on CCWF, his counsel obtained an electronic copy of Plaintiff's medical records on a CD that contained 4,942 pages. Defendant states that "only medical records" were produced to Dr. Rebel's counsel, and not Plaintiff's psychotherapy records. Defendant Rebel provides the name, telephone number, and

///

---

[1] Moreover, there is no complaint currently on file for which this case can proceed, and discovery is not open in this case.

3

work order number for the records service that he used to copy the records, this to enable Plaintiff to contact the service so that Plaintiff may request an exact copy of the records, but at Plaintiff's cost.

Plaintiff has not shown that she served a request for production of documents upon defendant Rebel. Plaintiff should not file a motion to compel unless she has first served a discovery request upon Defendant, giving Defendant the opportunity to respond.

Accordingly, Plaintiff's motion to compel shall be denied.

### B. Motion to Prohibit Use of Documents

Plaintiff also requests the court to prohibit defendant Rebel from using any of the documents produced pursuant to the May 12, 2016 subpoena, or information found in the documents. Plaintiff cites no authority for this broad request. Defendant is entitled to obtain discovery under Rule 26 of the Federal Rules of Civil Procedure, as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Defendant Rebel states that he received copies of Plaintiff's medical records pursuant to the subpoena. This case proceeds with Plaintiff's medical claims against Defendants under the Eighth Amendment. Therefore, Plaintiff's medical records are relevant to Plaintiff's claims and Defendants' defenses, and thus defendant Rebel is entitled under Rule 26 to use Plaintiff's medical records provided they relate to her claims. Plaintiff has not shown that any of the documents or information are privileged. Thus, Plaintiff's motion to prohibit defendant Rebel from using documents and information shall be denied.

### V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order, filed on January 26, 2017, is DENIED; and

4

///

2. Plaintiff's motion to compel and to prohibit use of documents, filed on February 16, 2017, is DENIED.

IT IS SO ORDERED.

Dated: **August 13, 2017**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE