UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE (ECF No. 252.)** |
| vs. | |
| ROMERO, et al., | |
| Defendants. | |

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On August 18, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 252.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Because Plaintiff's Fifth Amended Complaint was stricken from the record without leave to amend, there is no complaint on record in this case for which the court has found cognizable claims. Further, defendant Rebel's motion to dismiss this case is pending and may dispose of the case. Moreover, based on the court's record, Plaintiff is able to adequately articulate her claims and respond to the court's orders. Plaintiff is advised that she is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings. Therefore, Plaintiff's motion for appointment of counsel, filed on August 18, 2017, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 7, 2017**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE