UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING DEFENDANT REBEL'S MOTION TO STRIKE (ECF No. 241.)** |
| vs. | |
| ROMERO, et al., | |
| Defendants. | |

## I. BACKGROUND

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On August 8, 2017, defendant Rebel ("Defendant") filed a motion to strike. (ECF No. 241.) Plaintiff has not filed an opposition.

## II. MOTION TO STRIKE

"It is well established that '[d]istrict courts have inherent power to control their docket.'" Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998)); accord Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010). This includes the power to strike items from the docket as a sanction for litigation conduct.

Ibrahim v. U.S. Dep't of Homeland Sec., 835 F.3d 1048, 1065 (9th Cir. 2016) (citing Ready Transp., Inc., 627 F.3d at 404 (9th Cir. 2010); see, e.g., Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 586–87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224–26 (9th Cir. 2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed. R. Civ. P. 30(e)); cf. Carrigan v. Cal. State Legislature, 263 F.2d 560, 564 (9th Cir. 1959) (discussing an appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy").

Defendant Rebel brings a motion to strike Plaintiff's declaration filed on August 7, 2017, on the ground that the evidence in the declaration is not relevant under the California Evidence Code. Defendant cites California Evidence Code §§ 210 & 350 which provide that "[r]elevant evidence means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action," and "[n]o evidence is admissible except relevant evidence." Defendant argues that Plaintiff's declaration concerns Plaintiff's pain and its impact on her life, but Plaintiff has not stated the reason for submission of evidence at this time, nor has she identified any motion which this evidence is intended to support. Defendant objects to this evidence on the grounds that it "does not have any tendency in reason to prove or disprove any disputed fact that is presently before the court." (ECF No. 241.)

The court relies on Rules 401 & 402 of the Federal Rules of Evidence, which provide that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401, and "[i]rrelevant evidence is not admissible," Fed. R. Evid. 402.

In her declaration, Plaintiff describes her pain, suffering, and mental anguish related to her medical condition. To the extent that Plaintiff offers the declaration as evidence in support of her complaint, the declaration is moot because there is presently no complaint at issue in this case. Moreover, Plaintiff may not add information piecemeal to a complaint after the

complaint has been filed. Local Rule 220.[1] However, Defendant has not shown good cause for the court to strike the declaration from the record as moot, nor as a sanction for litigation conduct. Defendant fails to show any possible prejudice which would result from allowing Plaintiff's declaration to remain on the docket. There are better contexts in which to test the relevance and admissibility of evidence, such as on summary judgment or at trial. Accordingly, the court shall deny Defendant's motion to strike.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that defendant Rebel's motion to strike, filed on August 8, 2017, is DENIED.

IT IS SO ORDERED.

Dated: **September 11, 2017**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.