UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>        Plaintiff,<br><br>   vs.<br><br>ROMERO, et al.,<br><br>        Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>**(ECF Nos. 179, 191, 208, 209, 210, 211, 213, 225, 234, 238, 255, 256.)** |

**I.    BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On April 5, 2017, May 26, 2017, June 21, 2017, July 24, 2017, August 7, 2017, and August 28, 2017, Plaintiff filed objections to, motions for reconsideration of, and a motion to strike orders issued by the undersigned Magistrate Judge. (ECF Nos. 179, 191, 208, 209, 210, 211, 213, 225, 234, 238, 255, 256.) The court construes Plaintiff's objections and motion to strike as motions for reconsideration.

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

1

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff requests reconsideration of the findings and recommendations issued on January 18, 2017, the order denying Plaintiff's motions as premature, issued on March 2, 2017, the order striking the Fifth Amended Complaint issued on May 4, 2017, and the order denying Plaintiff's motion for a protective order and motion to compel, issued on August 14, 2017. (ECF Nos. 158, 175, 206, 246.)

The court has reviewed Plaintiff's motions for reconsideration and finds that Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its

prior decisions. Therefore, the motions for reconsideration shall be denied. Moreover, no further objections, motions to strike, or motions for reconsideration concerning the findings and recommendations issued on January 18, 2017, the order denying Plaintiff's motions as premature, issued on March 2, 2017, the order striking the Fifth Amended Complaint issued on May 4, 2017, or the order denying Plaintiff's motion for a protective order and motion to compel, issued on August 14, 2017, shall be considered by the court.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration, filed on March 13, 2017, April 5, 2017, May 26, 2017, June 21, 2017, July 24, 2017, August 7, 2017, August 28, 2017, and September 9, 2016, are DENIED; and

2. No further objections, motions to strike, or motions for reconsideration concerning the findings and recommendations issued on January 18, 2017 (ECF No. 158), the order denying Plaintiff's motions as premature, issued on March 2, 2017 (ECF No. 179), the order striking the Fifth Amended Complaint issued on May 4, 2017 (ECF No. 206), or the order denying Plaintiff's motion for a protective order and motion to compel, issued on August 14, 2017 (ECF No. 246), shall be considered by the court.

IT IS SO ORDERED.

Dated:    **September 11, 2017**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE