UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING REQUESTS FOR JUDICIAL NOTICE** |
| vs. | **(ECF No. 179, 195, 196, 216, 231, 239.)** |
| ROMERO, et al., | |
| Defendants. | |

## I. BACKGROUND

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On March 13, 2017, April 5, 2017, May 26, 2017, July 24, 2017, and August 7, 2017, Plaintiff filed requests for judicial notice. (ECF No. 179, 195, 196, 216, 231, 239.)

## II. JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997). "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). Adjudicative facts "are simply the facts of the particular case, . . those to which the law is applied." Fed. R. Evid. 201, Adv. Comm. Note to Subd. (a).

1

Plaintiff requests the court to take judicial notice (1) "that Plaintiff has entered 'Brief Objection to 3-2-17 Order' and a request for extension of time to file further objections to the findings and recommendations issued on January 18, 2017 (ECF No. 179); (2) of the "relatedness and timeliness" of the medical data contained in Dr. Donna Anderson's declaration (ECF No. 195); (3) of Plaintiff's "supporting documents used as exhibits in her Objection to the Magistrate Judge's Recommendations and Findings" (ECF No. 196); (4) of the "eleven documents in Plaintiff's motion for reconsideration packet of 4-27-17" (ECF No. 216); (5) "to confirm that the following Plaintiff [*sic*] pleadings and motions are still open in this case: 187, 189, 190, 191, 192, 198, 204, 205, and all motions and pleadings in 204 exhibits, all motions and pleadings within 208-217 inclusive, all motions and pleadings within 222-226, inclusive, and all motions . . . in this packet [and] all the documents in support of them" (ECF No. 213); and (6) of Plaintiff's pro bono jailhouse expert witness acting as assistant to Plaintiff in this case (ECF No. 239).

The court finds no good cause to take judicial notice of these facts. The fact that Plaintiff has filed particular documents in this case, that particular motions are pending in this case, that medical information in Dr. Anderson's declaration is related and timely, or that a jailhouse expert witness is assisting Plaintiff in this case are not adjudicative facts subject to judicial notice in this case. Therefore, Plaintiff's requests for judicial notice shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for judicial notice, filed on March 13, 2017, April 5, 2017, May 26, 2017, July 24, 2017, and August 7, 2017, are DENIED.

IT IS SO ORDERED.

Dated: **September 11, 2017**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE