UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>    Plaintiff,<br><br>v.<br><br>DR. V. ROMERO, et al.,<br><br>    Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, DENYING REQUEST FOR RECONSIDERATION, AND REFERRING BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. Nos. 221, 237, 244, 247) |

    Plaintiff, Dana Gray, is a prisoner proceeding *pro se* and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 7, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendant Cyril Rebel's motion to dismiss, which was filed on June 2, 2017, be denied. (Doc. Nos. 221, 237.) The findings and recommendations provided that any objections could be filed within fourteen days of their issuance, and any replies could be filed within the ten days following. (Doc. No. 237.)

    Defendant Rebel filed a document with the court captioned as a "response" to the findings and recommendations on August 11, 2017. (Doc. No. 244.) Defendant Rebel then filed a request that the district judge reconsider the findings and recommendations on August 14, 2017. (Doc.

1

No. 247.) Of course, parties are not authorized to "respond" to the findings and recommendations of the assigned magistrate judge and the undersigned cannot "reconsider" findings and recommendations because they are not orders. Nonetheless, the court will treat both filings by defendant Rebel's counsel as timely submitted objections to the findings and recommendations.[1] Plaintiff filed no objections and did not file a reply to defendant Rebel's objections. The time for such filings has now expired.

Defendant Rebel's objections to these findings and recommendations are based, in large part,[2] on the claim that this court lacks subject matter jurisdiction. However, the underlying motion to dismiss filed by counsel on behalf of defendant Rebel did not seek dismissal under Rule 12(b)(1) based upon an alleged lack of jurisdiction, but instead sought dismissal pursuant to Rule 41(b) on the grounds that plaintiff has failed to diligently prosecute this case. (Doc. No. 221.) Further, since the argument counsel for defendant Rebel now raises is being presented for the first time in these objections, this court need not consider it. *See Brown v. Roe*, 279 F.3d 742, 744–46 (9th Cir. 2002) (holding the district court generally has discretion as to whether or not it will consider arguments raised for the first time in objections to a magistrate judge's findings and recommendations); *see also Sossa v. Diaz*, 729 F.3d 1225, 1230–31 (9th Cir. 2013) (district court only abuses its discretion by failing to consider new arguments or evidence advanced by *pro se*

---

[1] The two documents are substantially the same, and will be treated in conjunction.

[2] Defendant Rebel also contends that the court should reject the findings and recommendations for the following reasons: (1) plaintiff never sought an extension of the deadline set by the court's scheduling order for the amendment of pleadings and that deadline has passed; (2) granting plaintiff further leave to amend would be futile, because the claims against defendant Rebel are time-barred; (3) the magistrate judge erroneously found that plaintiff had "shown extreme diligence in responding to court orders"; (4) the magistrate judge's analysis of three of the factors set forth in *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) was erroneous; and (5) the district court has the inherent power to reject the findings and recommendations and simply dismiss this case. (Doc. No. 244 at 7–12.) In general, these objections are unpersuasive although it is true that the undersigned need not adopt the findings and recommendations. However, some of defendant's objections concern issues decided by the undersigned long ago in this case. For instance, the magistrate judge previously recommended that plaintiff be granted leave to amend to plead claims against defendant Rebel that are *not* time-barred, and the undersigned adopted that recommendation. (*See* Doc. No. 158 at 14 (recommending that plaintiff be granted leave to amend to allege facts showing "that Plaintiff's claims are not time-barred"), adopted Doc. No. 184.) That order implicitly found leave to amend was not, at that time, futile.

litigants); *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court must actually exercise discretion). Nonetheless, in the interest of expediting this litigation which has been pending for so long before the court, the court will briefly address defendant Rebel's new arguments below.

As counsel for defendant Rebel notes, the magistrate judge previously found plaintiff was not entitled to preliminary injunctive relief in part because the court did not have jurisdiction to grant such relief at that time. (Doc. No. 201.) This was because the court was awaiting the filing of plaintiff's Fifth Amended Complaint, which had not yet been filed. (Doc. No. 201.) While the court could not grant the preliminary injunctive relief plaintiff sought at that time without an operative complaint before it, this does not support defendant's conclusion that the court lost jurisdiction over the case. Article III of the United States Constitution limits the judicial power to cases and controversies, not operative complaints. Whatever the status of the current operative complaint, it is clear this case remains pending before the court. Moreover, contending that the district court loses jurisdiction over a case during the time between the dismissal of a complaint with leave to amend and the filing of an amended complaint , as suggested by defendant in the pending objections, would lead to absurd results. For instance, if that were the case the court being unable to extend the time in which to file the amended complaint for which filing leave had been granted. Counsel for defendant Rebel provides no authority suggesting this is the case, and the court is aware of none. Indeed, defendant Rebel's citation to the decision in *Sinochem International Co. Limited v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) is telling. In that case, the court noted "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the *category of claim* in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Id.* at 430–31 (emphasis added). The "category of claim" plaintiff has been seeking to allege here includes violations of 42 U.S.C. § 1983. This provides a cognizable basis for this court to exercise subject matter jurisdiction over this dispute. *See* 28 U.S.C. §§ 1331, 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (noting that if state and federal claims share a common nucleus of operative fact, "there is power in federal courts to hear the whole"); *Herman Family Revocable Trust v. Teddy*

*Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (noting courts may continue to exercise jurisdiction over state-law claims even when the federal claim which originally gave it jurisdiction has been dismissed from the case).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendant Rebel's objections, the undersigned concludes the findings and recommendations are supported by the record and proper analysis.[3]

For these reasons:

1. The findings and recommendations issued on August 7, 2017 (Doc. No. 237) are adopted in full;
2. Defendant Rebel's motion to dismiss filed on June 2, 2017 (Doc. No. 221) is denied;
3. Defendant Rebel's unauthorized request for reconsideration of the findings and recommendations issued on August 7, 2017 (Doc. Nos. 244, 247) is denied[4]; and
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 17, 2017**

UNITED STATES DISTRICT JUDGE

---

[3] The undersigned is also in concurrence with the magistrate judge's warning to plaintiff that she must comply with the court's orders and conduct this litigation in a reasonable manner to its conclusion and that her failure to do so, in light of the history of this action, may result in the imposition of terminating sanctions.

[4] As noted, those filings have been construed by the court as timely objections to the pending findings and recommendations.