| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT REBEL BE DENIED** |
| vs. | |
| ROMERO, et al., | |
| Defendants. | **(ECF No. 198.)** |
| | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

## I. BACKGROUND

Dana Gray ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On April 5, 2017, Plaintiff filed a motion for default judgment against defendant Dr. Rebel ("Defendant"). (ECF No. 198.) On April 12, 2017, Defendant filed an opposition to the motion. (ECF No. 200.) Plaintiff has not filed a reply.

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P.

1

55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**Parties' Positions**

Plaintiff requests default judgment against Defendant because "he improperly filed a Rule 12(b)(6) Motion to Dismiss rather than answer the complaint." (ECF No. 198 at 1.) Plaintiff argues that Defendant's motion to dismiss Plaintiff's claims as "untimely" is not a permissible motion for entering a defense under Rule 12(b). Plaintiff therefore requests denial of Defendant's motion to dismiss and entry of default judgment against Defendant in the amount of $25,000.00 in compensatory damages and $400,000.00 in punitive/intentional tort damages, plus court costs.

In opposition, Defendant objects to Plaintiff's request for an award of punitive damages because the Fourth Amended Complaint did not include a prayer for punitive damages.

**Discussion**

Plaintiff argues that Defendant Rebel failed to file an appropriate response to the Fourth Amended Complaint, in violation of Rules 55 and 12(a) of the Federal Rules of Civil Procedure. Court records show that defendant Rebel was required to file and serve "an answer or motion under Rule 12 . . . within 60 days after 2/29/2016," pursuant to the Waiver of Service of Summons signed by Defendant on March 14, 2016. (ECF No. 52.) On April 29, 2016, within the 60-day deadline, Defendant filed a Rule 12(b)(6) Motion to Dismiss on the ground that Plaintiff's claims were "untimely." (ECF No. 57.)

Plaintiff's argument is without merit. Rule 12(b)(6) allows Defendant to file a motion to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). Defendant's motion is based on "failure to state a claim" *because* Plaintiff's claims were untimely. Therefore, Defendant's motion to dismiss is permissible under Rule 12(b)(6), and the motion was timely filed in compliance with Rule 12(a).

The fact that Defendant has not filed an Answer in this action does not entitle Plaintiff to entry of default. Under Rule 55, default may be entered if a defendant "fails to plead *or otherwise defend*." Fed. R. Civ. P. 55 (emphasis added). The filing of the motion to dismiss is evidence that Defendant has defended in this action, precluding entry of default under Rule 55. Therefore, Plaintiff's request for default judgment should be denied.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, **THE COURT HEREBY RECOMMENDS** that Plaintiff's motion for default judgment against Defendant Rebel, filed on April 5, 2017, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendation, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 20, 2017**__  _____/s/ Gary S. Austin__
                                                            UNITED STATES MAGISTRATE JUDGE