UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA GRAY,

    Plaintiff,

v.

V. ROMERO,

    Defendant.

No. 1:13-cv-01473-DAD-GSA

ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION

(Doc. Nos. 190, 204, 230, 232, 233.)

**I.   Background**

Dana Gray ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed back on September 12, 2013. (Doc. No. 1.) Plaintiff has, among various other submissions, filed multiple motions requesting reconsideration of the orders of this court.

**II.  Background**

On April 5, 2017 and May 2, 2017, plaintiff filed motions for reconsideration. (Doc. Nos. 190, 204.) The April 5, 2017 motion requests that the court accept plaintiff's belated objections to the magistrate judge's findings and recommendations that had already been adopted by the undersigned on March 28, 2017.[1] (Doc. No. 190.) Plaintiff's May 2, 2017 motion requests

---

[1] The court construes plaintiff's request as another motion seeking reconsideration of the undersigned's March 28, 2017 order. (Doc. No. 184.)

1

reconsideration of the court's March 28, 2017 order adopting the magistrate judge's January 18, 2017 findings and recommendations and granting both defendant Rebel's motion to dismiss and the motion for judgment on the pleadings filed on behalf of defendants Ziomek and Mundunuri. (Doc. No. 204.) On July 24, 2017, plaintiff requested a ruling on this motion for reconsideration that she had filed May 2, 2017. (Doc. No. 232.) On July 26, 2017, defendant Rebel filed a response. (Doc. No. 236.)

On July 24, 2017, plaintiff filed what she inaccurately characterized as "objections" to the undersigned's July 10, 2017 order adopting the magistrate judge's findings and recommendations and denying plaintiff's April 5, 2017 motion for preliminary injunction. (Doc. No. 230.) On July 24, 2017, plaintiff filed a motion requesting that the court vacate its order of July 10, 2017 (Doc. No. 228) and grant her motion for preliminary injunction filed on April 5, 2017 (Doc. No. 192). (Doc. No. 233.) On July 26, 2017, defendant Rebel filed a response to plaintiff's filing. (Doc. No. 236.) The court will also construe plaintiff's "objections" and motion as motions for reconsideration of the court's July 10, 2017 order denying her motion for preliminary injunction.

## III. Discussion

Rule 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only [in] extraordinary circumstances…." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control…." *Id.* (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

/////

A motion for reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation…" of that which was already considered by the court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

The court has thoroughly reviewed plaintiff's various motions for reconsideration and finds therein no facts or law of a convincing nature which would cause the court to reconsider any of the challenged prior decisions. Therefore, plaintiff's motions for reconsideration are denied. Moreover, plaintiff is forewarned that her filing of repetitive and groundless motions, including motions for reconsideration of nearly every order issued, is unnecessarily delaying resolution of this long-pending action.

**IV. Conclusion**

For the reasons set forth above:

1. Plaintiff's motions for reconsideration of the court's orders issued on March 28, 2017 and July 10, 2017 (Doc. Nos. 190, 204, 230, 233) are denied;

2. No further motions for reconsideration concerning defendant Rebel's motion to dismiss (Doc. No. 57), the defendants Mundunuri's and Viomek's motions for judgment on the pleadings (Doc. No. 122), or plaintiff's motion for preliminary injunction (Doc. No. 228) shall be considered by this court; and

/////
/////
/////
/////
/////

3. Plaintiff's continued filing of frivolous or repetitive motions may result in the imposition of sanctions including possible terminating sanctions.

IT IS SO ORDERED.

Dated: **December 5, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE