UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY, | 1:13-cv-01473-DAD-GSA-PC |
| Plaintiff, | **ORDER GRANTING LEAVE TO FILE SIXTH AMENDED COMPLAINT, NOT EXCEEDING 25 PAGES, AS INSTRUCTED BY THIS ORDER** |
| vs. | |
| ROMERO, et al., | **SIXTY-DAY DEADLINE** |
| Defendants. | |

**I. BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.)

On March 28, 2017, Plaintiff was granted thirty days in which to file a Fifth Amended Complaint (FAC) not exceeding 25 pages in length. (ECF No. 184.) On April 19, 2017, Plaintiff filed a motion for extension of time to file the FAC and requested leave to extend the page limit from 25 to 35 pages. (ECF No. 203.) On May 2, 2017, before the court ruled on her motion, Plaintiff submitted a FAC that was 44 pages long. (ECF No. 205.) On May 4, 2017, the court issued an order striking the FAC as exceeding the page limit. (ECF No. 206.) Plaintiff was denied leave to amend the complaint until after the court had resolved pending

motions affecting the content of the complaint.[1]  The pending motions are now resolved and Plaintiff shall be granted leave to file a Sixth Amended Complaint.

## II. GUIDELINES FOR PLAINTIFF

Plaintiff is granted sixty days in which to file a Sixth Amended Complaint not exceeding 25 pages in length. The court has set forth guidelines below for Plaintiff to follow when preparing her Sixth Amended Complaint.  Plaintiff is cautioned that if she fails to follow the guidelines, her Sixth Amended Complaint may be stricken from the record or dismissed for violation of Rule 8 or the court's order.

Plaintiff's prior complaints were unreasonably voluminous.[2]  Under Rule 8 of the Federal Rules of Civil Procedure, the complaint is only required to contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.  The court already has jurisdiction over this case, so Plaintiff may omit her statement of the grounds for the court's jurisdiction and venue.

Plaintiff should include only those facts needed to state her claims against each defendant, and there is no need for legal citations or arguments.   Plaintiff should not include an Introduction, Table of Contents, or Table of Authorities with the Sixth Amended Complaint, nor should she include evidentiary matter.  Plaintiff only needs to identify each defendant once, by name, position or type of employment, and location at the time of the events.  If Plaintiff's

---

[1] Pending were Plaintiff's motion to supplement the complaint; motion to strike part of the Magistrate's findings and recommendations of January 8, 2017; motion to accept Plaintiff's objections to the findings and recommendations; and motion for reconsideration of the court's March 28, 2017, order. The court held that until those issues were resolved it did not serve judicial efficiency or benefit the parties to allow Plaintiff to file a Sixth Amended Complaint.

[2] Plaintiff's original Complaint was 801 pages in length (ECF No. 1.)  The First Amended Complaint was 28 pages in length with no exhibits.  (ECF No. 15.)  The Second Amended Complaint was 53 pages with no exhibits.  (ECF No. 28.)  The Third Amended Complaint consisted of 52 pages of narrative and 22 pages of exhibits.  (ECF No. 41.)  Plaintiff's Fourth Amended Complaint consisted of 64 pages of narrative divided into 273 paragraphs.  (ECF No. 45.)  The Fifth Amended Complaint was 44 pages.  (ECF No. 205.)

negligence claim is based on the same allegations as her Eighth Amendment claim, it is not necessary to set forth the same detailed allegations separately for each claim. Plaintiff's general allegation of negligence is sufficient. Plaintiff should not state the same facts or allegations multiple times in different parts of the Sixth Amended Complaint.

Plaintiff must demonstrate in her amended complaint how the conditions complained of have resulted in a deprivation of her constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 36 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although she has the opportunity to amend, it is not for the purpose of adding allegations of events occurring after March 27, 2017, the date the initial Complaint was filed. Plaintiff may not change the nature of this suit by adding new or unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Plaintiff may not simply refer the court back to material in a prior complaint. Local Rule 220. In an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In the court's March 28, 2017, order, Plaintiff was granted leave to amend the complaint "for the purpose of attempting to cure the deficiencies noted in the findings and recommendations by adding sufficient factual allegations demonstrating that her claims against defendants Rebel and Ziomek are not time-barred under California Code of Civil Procedure § 340.5." (ECF No. 184.) To the extent possible, Plaintiff should address this issue in the Sixth Amended Complaint.

The Sixth Amended Complaint should be clearly and boldly titled "SIXTH AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff is granted sixty days in which to file the Sixth Amended Complaint. **No extensions of time will be granted without a showing of good cause.**

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file a Sixth Amended Complaint not exceeding 25 pages in length, as instructed by this order, within sixty days of the date of service of this order;

2. The Sixth Amended Complaint should be clearly and boldly titled "Sixth Amended Complaint," refer to case number 1:13-cv-01473-DAD-GSA-PC, and be an original signed under penalty of perjury;

3. The Clerk of Court shall send one § 1983 civil rights complaint form to Plaintiff; and

4. Plaintiff is warned that her failure to comply with this order may result in the dismissal of this case for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 11, 2017**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE