UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　　　Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 198, 283) |

Plaintiff Dana Gray is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 5, 2017, plaintiff filed a motion seeking a default judgment against defendant Rebel. (Doc. No. 198.) On October 20, 2017, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion be denied. (Doc. No. 283.) The parties were provided fourteen days in which to file objections to those findings and recommendations. (*Id.*) Plaintiff did so on November 3, 2017. (Doc. No. 286.) On November 8, 2017, defendant Rebel filed a response to those objections. (Doc. No. 289.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

1

The court has reviewed plaintiff's objections and finds them to be unpersuasive. Plaintiff argues that she is entitled to a default judgment because defendant Rebel failed to timely answer the complaint. The court finds that plaintiff's motion is deficient both procedurally and substantively. Procedurally, obtaining a default judgment requires adherence to a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). A party seeking a default judgment must first receive an entry of default from the clerk of court. *Id.* (citing Fed. R. Civ. P. 55(a)). Second, the party must move the court for default judgment pursuant to Rule 55(b). *Id.*; *Lack v. Rustick*, No. CV 06-2204-PHX-MHM, 2008 WL 268712, at *1 (D. Ariz. Jan. 28, 2008). Here, there is no evidence that plaintiff has ever sought or obtained an entry of default from the Clerk of Court. There is therefore no basis upon which to grant plaintiff's motion for default judgment.

In addition to not complying with the requirements of Rule 55, plaintiff's motion for a default judgment lacks merit. As noted by the assigned magistrate judge, plaintiff would be entitled to a default judgment only if the defendant failed "to plead or otherwise defend." Fed. R. Civ. P. 55. Here, defendant filed a motion to dismiss pursuant to Rule 12(b)(6), thereby defending himself for purposes of Rule 55. (Doc. No. 57.) Moreover, contrary to plaintiff's argument, an examination of the docket reveals that defendant's motion to dismiss was timely filed. (*See* Doc. No. 52) (setting a deadline of April 29, 2016 for which to file an answer or motion under Rule 12).

Next, plaintiff argues that a default judgment against defendant Rebel is appropriate because defendant "proceed[ed] into [d]iscovery without answering the complaint." (Doc. No. 286 at 3.) By doing so, plaintiff contends that defendant Rebel "violated this Court's procedures . . . [as well as] the Fed. R. Civ. P." (*Id.*) However, the Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Edwards v. Nevada*, No. 2:17-cv-00201-JAD-VCF, 2017 WL 1822572, at *1 (D. Nev. May 5, 2017) (citing *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995)). Plaintiff has not pointed to any rule that defendant Rebel violated by commencing discovery while the motion to dismiss was pending before the court. Accordingly, the court finds

no basis upon which to disagree with the recommendation set forth in the findings and recommendations.

For all of these reasons,

1. The findings and recommendations dated October 20, 2017 (Doc. No. 283) are adopted in full;
2. Plaintiff's motion for default judgment against defendant Rebel (Doc. No. 198) is denied; and
3. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 21, 2017**

UNITED STATES DISTRICT JUDGE