UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.<br><br>　　　　　Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. No. 297) |

Plaintiff Dana Gray is a prisoner proceeding pro se and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff and defendant Rebel consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 6363(c). (Doc. Nos. 6, 71.) The remaining defendants declined to consent to magistrate judge jurisdiction. (Doc. No. 117.)

The assigned magistrate judge previously screened plaintiff's complaint before any defendants appeared. (Doc. No. 47.) On February 4, 2016, the magistrate judge found that plaintiff had stated cognizable Eighth Amendment and negligence claims in the Fourth Amended Complaint against defendants Mundunuri, Ziomek, Rebel, Romero, Comelli, and Loadhold. (*Id.*) The magistrate judge dismissed plaintiff's due process claim without leave to amend because plaintiff's medical claims are properly analyzed under the Eighth Amendment. (*Id.*)

/////

1

However, on November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claim by way of the February 4, 2016 order. Therefore, in light of the *Williams* decision on December 13, 2017, the magistrate judge entered findings and recommendations, recommending that the claim be dismissed consistent with the magistrate judge's prior screening order. (Doc. No. 297.) The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. On December 28, 2017, plaintiff filed objections to the findings and recommendations. (Doc. No. 299.) Plaintiff's objections do not substantively address the magistrate judge's February 4, 2016 order dismissing plaintiff's due process claim.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on December 13, 2017, are adopted in full;
2. Plaintiff's due process claim alleged in the Fourth Amended Complaint is dismissed without leave to amend, for the reasons provided in the magistrate judge's February 4, 2016 screening order; and
3. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 8, 2018**

UNITED STATES DISTRICT JUDGE