UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANA GRAY,

          Plaintiff,

   v.

D. K. JOHNSON, et al.,

          Defendants.

1:13-cv-01473-DAD-GSA (PC)

**ORDER DENYING MOTION FOR STAY AND GRANTING MOTION FOR EXTENSION OF TIME**
**(ECF No. 300.)**

**THIRTY-DAY DEADLINE TO FILE DECLARATION AS INSTRUCTED BY THIS ORDER**

**FORTY-FIVE-DAY DEADLINE TO FILE SIXTH AMENDED COMPLAINT**

I.    **BACKGROUND**

      Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 5, 2018, plaintiff filed a motion for stay of the proceedings in this case and a motion for extension of time to file a sixth amended complaint.  (ECF No. 300.)  On January 9, 2018, defendant Rebel (Defendant") filed an opposition to the motions.  (ECF No. 302.)  Plaintiff has not filed a reply to the opposition, and the time to file a reply has passed.  L.R. 230(*l*).

II.    **MOTION FOR STAY AND FOR EXTENSION OF TIME**

      Plaintiff requests a ninety-day stay of the proceedings in this action and an additional thirty days to file her sixth amended complaint, because she is "going out to surgery January 4th, 2018."  (ECF No. 300 at 1.)  Plaintiff asserts that her surgery is "a 4 level lumbar fusion."  (Id.)

1

In opposition, Defendant argues that Plaintiff has not shown good cause for a stay of the proceedings or an extension of time as she has not submitted any medical evidence showing that she is scheduled for surgery or has had a "4 level lumbar fusion." (ECF No. 302 at 1:27.) Defendant also notes that Plaintiff did not mention her surgery in other recent motions. Defendant argues that Plaintiff has had ample time to prepare her sixth amended complaint as shown by Plaintiff's implication that she was prepared to file it on August 7, 2017, when she requested leave to file the sixth amended complaint.

## III.  DISCUSSION

### A.  Motion for Stay

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

This court does not lightly stay litigation, due to the possibility of prejudice to defendants. Defendant's argument that Plaintiff has not shown good cause for a ninety-day stay of the proceedings has merit. Plaintiff offers no evidence in her motion except her own statement that she was scheduled for surgery on January 4, 2018. Further, defendants may be prejudiced if this case is delayed. The case has been pending for more than three years. Thus, the court finds no good cause for a ninety-day stay.

Moreover, even if Plaintiff is presently recovering from major surgery, and cannot proceed with the litigation, a stay of the entire action is not Plaintiff's only remedy. Therefore, Plaintiff's motion for stay shall be denied

### B.  Motion for Extension of Time

Under Rule 6 of the Federal Rules of Civil Procedure, the court has discretion to extend filing deadlines. If a party makes a request for additional time "before the original time or its

2

extension expires," then the court may extend the deadline "for good cause." <u>See</u> Fed. R. Civ. P. 6(b)(1)(A).

On December 12, 2017, the court granted Plaintiff sixty days in which to file a sixth amended complaint. (ECF No. 296.) Now, Plaintiff requests an extension of the sixty-day deadline, alleging that she was scheduled for surgery and will need time to recover before she can file the sixth amended complaint.

In the course of this action, Plaintiff has provided evidence in her prior complaints that she suffers from serious lower back pain and has been treated by physicians since 1998. (<u>See</u> ECF Nos. 1, 15, 28, 41, 45.) In light of her medical history, the court finds it plausible that Plaintiff was scheduled for spinal surgery. Therefore, affording Plaintiff the benefit of the doubt,[1] the court finds good cause to grant her a forty-five-day extension of time to file the Sixth amended complaint. However, Plaintiff shall be required to file a written declaration within thirty days of the date of service of this order, signed under penalty of perjury,[2] informing the court of the status of her recovery from surgery, with documentary evidence of the surgery and her progress.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for stay, filed on January 5, 2018, is DENIED;

2.  Plaintiff is GRANTED forty-five days from the date of service of this order to file her sixth amended complaint, pursuant to the court's order of December 12, 2017;

3.  Within thirty days from the date of service of this order, Plaintiff is ordered to file a written status report with the court, signed under penalty of perjury, informing the court of the status of her recovery from surgery, with documentary evidence of

---

[1] Where a plaintiff appears *in pro per* in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. <u>See</u> <u>Karim–Panahi v.</u> <u>Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

[2] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on _(date)_. (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

the surgery and her progress;

4.     Any further motions for extension of time to must be filed before the expiration of the prior deadline; and

5.     Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   __February 5, 2018__             _____/s/ Gary S. Austin_____
UNITED STATES MAGISTRATE JUDGE