UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>   Plaintiff,<br><br> vs.<br><br>ROMERO, et al.,<br><br>   Defendants. | 1:13-cv-01473-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT<br>(ECF No. 316.) |

**I. BACKGROUND**

Dana Gray ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on September 12, 2013. (ECF No. 1.) Plaintiff filed the Sixth Amended Complaint on February 12, 2018. (ECF No. 307.) On March 14, 2018, Plaintiff filed a motion for a court-appointed medical expert. (ECF No. 316.)

**II. APPOINTMENT OF EXPERT WITNESS**

  <u>**Legal Standards**</u>

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own,

the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D. Cal. 2013).

**Discussion**

Plaintiff requests appointment of a medical expert by the court, "to defend against summary judgment and against motions for dismissal." (ECF No. 316 at 1.) While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

Under Federal Rule of Evidence 702, the court considers whether an expert witness would assist the court in understanding the evidence or to determining a fact in issue. Fed. R. Evid. 702. Plaintiff's claims for inadequate medical care in the Sixth Amended Complaint are no more complex than those found in a majority of medical claim cases pending before this court. Therefore, the court does not require a medical expert to determine whether Defendants failed to provide Plaintiff with adequate medical care, and Plaintiff's motion for the appointment of a medical expert shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of a medical expert, filed on March 14, 2018, is DENIED.

IT IS SO ORDERED.

Dated: __**March 19, 2018**__            __**/s/ Gary S. Austin**__
                                                   UNITED STATES MAGISTRATE JUDGE