UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. V. ROMERO, et al.,<br><br>　　　　Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER FINDING OBJECTIONS TO <u>MAGISTRATE JUDGE'S ORDER FRIVOLOUS, AND DENYING VARIOUS OTHER MOTIONS</u><br><br>(Doc. Nos. 324, 338, 339, 340, 341, 342) |

Plaintiff Dana Gray is a state prisoner proceeding pro se and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint initiating this action on September 12, 2013. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 19, 2018, the assigned magistrate judge issued an order denying plaintiff's motion seeking the appointment of a medical expert on his behalf. (Doc. No. 319.) On April 2, 2018, plaintiff filed objections to the magistrate judge's order. (Doc. No. 324.) The magistrate judge construed plaintiff's objections as a motion for reconsideration under Rule 60 and issued an order on April 3, 2018, denying the motion for reconsideration. (Doc. No. 325.) On April 20, 2018, plaintiff filed objections to the magistrate judge's order denying the motion for reconsideration, making it clear that she was seeking review of the magistrate judge's order by the undersigned. (Doc. No. 327.)

1

In reviewing all objections raised by plaintiff to the magistrate judge's order of March 19, 2018, which denied plaintiff the appointment of a medical expert, the undersigned declines to modify or set aside any part of that order because plaintiff has not demonstrated that the challenged order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Most importantly, plaintiff concedes that her initial motion, which sought appointment of an expert on her behalf to assist in defending against summary judgment, was filed prematurely but nonetheless objects to the magistrate judge having ruled on it because she filed it prematurely. (Doc. No. 324 at 2.) That objection is patently frivolous.

Further, the court is in receipt of another spate of recently-filed motions from plaintiff: (1) a motion to stay the case pending a ruling on an interlocutory appeal (Doc. No. 338); (2) a motion to resume the court proceedings, presumably by lifting the stay requested by plaintiff in the first motion, which was never granted by the court (Doc. No. 339); (3) yet another motion for the appointment of counsel (Doc. No. 340); (4) a motion for the U.S. Marshal to serve plaintiff's sixth amended complaint (Doc. No. 341); and (5) a request for a temporary restraining order and preliminary injunction preventing the transfer of the inmate who has been assisting plaintiff in this proceeding to another institution (Doc. No. 342). Each of these motions must be denied.

Plaintiff's first motion must be denied for multiple reasons. First, there was no final, appealable order from which plaintiff could have sought an interlocutory appeal, as recognized by the Ninth Circuit when it dismissed the interlocutory appeal on May 3, 2018. (*See* Doc. No. 331.) Second, the request is mooted by plaintiff's second motion, which requests that the stay she sought be lifted, despite the fact that it was never granted. That second motion must itself be denied as moot since no stay was ever imposed. In relation to the third motion, plaintiff herself notes that the exact same request has already been denied "over 10 times" in this proceeding to date. (*See* Doc. No. 340 at 1.) Without counting the exact number, plaintiff is generally correct: she has requested and been denied the appointment of counsel on myriad occasions in this case. (*See, e.g.*, Doc. Nos. 14, 37, 54, 73, 110, 156, 202, 267.) The court will not revisit the issue again here. The fourth motion must be denied because service of the sixth amended complaint is not yet appropriate since the findings and recommendations screening this complaint have not yet

been adopted by the undersigned and remain pending. (*See* Doc. No. 328.) Finally, the fifth motion will be denied because plaintiff has no right to be assisted by a particular inmate in this proceeding. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) ("Nor does [plaintiff] have any right to the services of a particular writ writer."); *Lewis v. Adams*, No. 1:10–CV–00266–OWW–DLB PC, 2010 WL 5287673, at *4 (E.D. Cal. Dec. 17, 2010) (finding plaintiff had failed to "allege sufficient facts to indicate that he had a constitutional right to receive legal assistance from a particular jailhouse lawyer"), *findings and recommendations adopted*, 2011 WL 841388; *Barno v. Hernandez*, No. 08cv2439-WQH (BGS), 2010 WL 2179589, at *1 (S.D. Cal. May 27, 2010) ("[W]hile Petitioner may have the benefit of currently being assisted by a fellow inmate, Petitioner represents himself and does not have a right to the assistance of a particular inmate.").

At least four of these newly-filed motions are obviously frivolous, as are the objections plaintiff filed to the denial of her motion to appoint an expert. Plaintiff has been previously warned not to file repetitive and groundless motions, and cautioned that continuing to do so may result in the imposition of sanctions, including potentially terminating sanctions. (*See* Doc. No. 293 at 3–4.) **Plaintiff is hereby directed to immediately cease submitting frivolous motions, objections, and other filings to this court. Any further failure to heed this admonition by plaintiff will result in the imposition of sanctions, most likely terminating sanctions, with no further notice being provided. This is especially the case if such a failure occurs prior to the undersigned's order on the now-pending findings and recommendations concerning the screening of the sixth amended complaint. Plaintiff should consider this her final warning in this regard.**

For the reasons given above:

1. Plaintiff's objections to the magistrate judge's order denying her motion for appointment of an expert (Doc. No. 324) are overruled;
2. Plaintiff's motion to stay this matter (Doc. No. 338) is denied as moot;
3. Plaintiff's motion to resume the proceedings (Doc. No. 339) is denied as moot;
4. Plaintiff's motion to appoint an attorney (Doc. No. 340) is denied;
5. Plaintiff's motion for an order directing the U.S. Marshal to serve the sixth amended

complaint (Doc. No. 341) is denied;

6. Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 342) is denied; and

7. Plaintiff is ordered to immediately cease filing any further frivolous motions, orders, or any other filings in this proceeding. Plaintiff's failure to comply with this order will result in sanctions, which will likely include dismissal of this action.

IT IS SO ORDERED.

Dated: **July 3, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE