UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. V. ROMERO, et al.,<br><br>    Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER |

This court has previously warned plaintiff on multiple occasions of the need for her to comply with court orders and litigate this matter in a reasonable manner, and in particular to cease filing frivolous motions and other requests. (*See, e.g.*, Doc. No. 237 at 4–7; Doc. No. 282 at 4 n.3; Doc. No. 293 at 3–4; Doc. No. 346 at 3.) The court's prior orders warned plaintiff multiple times that a failure to adhere to those orders could result in the imposition of terminating sanctions. Plaintiff was given a final warning directing her to immediately cease submitting such frivolous documents to the court on July 3, 2018. (Doc. No. 346 at 3.) Nevertheless, shortly after this final warning was issued, plaintiff filed a motion for reconsideration on July 19, 2018. (Doc. No. 347.) This motion for reconsideration requests the court to reconsider its many prior decisions and to appoint counsel or an inmate to represent her in this action. The court will not reiterate why plaintiff is not entitled to appointment of counsel in this civil action, as this ground has been thoroughly covered in prior orders. (*See* Doc. No. 346 at 2) (noting that at least eight

1

such requests have so far been denied in this case, which still awaits screening).

It is well established that a district court possesses the power to dismiss an action for failure to comply with a court order, and that this power is inherent in the court's need to control its docket.[1] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Before doing so, the district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The public's interest in expeditious resolution of litigation here clearly favors dismissal. This case has been pending before this court for almost five years and has yet to proceed past the pleading stage. Additionally, the court's need to manage its own docket militates strongly in favor of dismissal. This court operates under one of the heaviest caseloads in the nation. Plaintiff here has considerably burdened this court by filing frivolous motions, objections, and other requests, despite repeated warnings to cease this practice. Indeed, more than 300 docket entries have been submitted in this matter, despite the case not having proceeded past the pleading stage. Additionally, the delay in the resolution of this matter has increased the risk of prejudice to defendants. Because plaintiff's repeated filings require time to address and divert the court's attention from issuing the decisions necessary to allow this matter—and other cases—to progress, the defendants face a continual risk that any relevant evidence will turn stale.

While the public policy favoring disposition of cases on their merits always weighs against dismissal of a case, the court has now become thoroughly convinced that no less drastic sanction will ensure plaintiff's compliance with its orders. As noted above, the court has repeatedly warned plaintiff about her filings in this matter. The court even expressly warned

---

[1] The court notes that it retains jurisdiction to issue this order despite plaintiff's filing of yet another notice of appeal. *See Doe #1 v. Reed*, No. CV- 09-5456BHS, 2009 WL 10688272, at *1 (W.D. Wash. Sept. 16, 2009) ("Where an appeal is taken from an interlocutory order under 28 U.S.C. § 1292(a)(1), the trial court is not divested of jurisdiction to continue with other phases of the case.").

2

plaintiff that her filing of further frivolous requests, especially if filed before the undersigned had reviewed the pending findings and recommendations screening her most recent complaint, would almost certainly result in the imposition of terminating sanctions. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1240 (9th Cir. 2006) (observing the district court may be able to "meet the 'consideration of alternatives' requirement by issuing a warning that a party's failure to obey a court order will result in dismissal"); *Ferdik*, 963 F.2d at 1261 (noting the court had warned plaintiff that failure to amend would result in dismissal); *Hassan v. Blackburne & Sons Realty Cap. Corp.*, Nos. 14–CV–04836–LHK, 14–CV–05171–LHK, 2015 WL 5261378, at *4 (N.D. Cal. Sept. 9, 2015). Nevertheless, plaintiff yet again requested appointment of counsel, a request which has been repeatedly made and denied in this case. Given the number of times plaintiff has made the exact same request without a change in the case's status, it was obvious the latest such request would again be denied. This is a clear violation of the court's order directing plaintiff to cease submitting frivolous filings. In sum, there is simply nothing left for the court to do but dismiss this action with prejudice due to plaintiff's repeated and deliberate failure to obey the court's orders to cease filing frivolous motions, requests, objections, and other filings.

For these reasons, this case is dismissed with prejudice due to plaintiff's repeated failure to obey the court's orders and instructions. The Clerk of the Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: **August 17, 2018**

UNITED STATES DISTRICT JUDGE

3