UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. V. ROMERO, et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-01473-DAD-GSA<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 355) |

Before the court is plaintiff Dana Gray's motion for reconsideration of the court's prior order dismissing plaintiff's case for failure to obey a court order. (Doc. No. 355.) For the reasons set forth below, the court denies plaintiff's motion.

**BACKGROUND**

On July 3, 2018, the court issued an order in which it explicitly directed plaintiff to immediately cease filing frivolous motions, objections, and other submissions with this court.[1] (Doc. No. 346 at 3.) In doing so, the court emphatically stated that "**[a]ny further failure to heed to this admonition by plaintiff will result in the imposition of sanctions, most likely terminating sanctions, with no further notice being provided. This is especially the case if**

---
[1] By this point, well over 300 docket entries had been filed in this matter, despite the case not having proceeded past the pleading stage, and the court had previously warned plaintiff not to file repetitive and groundless motions, cautioning her that continuing to so would result in the imposition of sanctions, including terminating sanctions. (*See* Doc. No. 293 at 3–4.)

1

**such a failure occurs prior to the undersigned's order on the now-pending findings and recommendations concerning the screening of the sixth amended complaint. Plaintiff should consider this her final warning in this regard.**" (*Id.*) On July 19, 2018, shortly after this final warning issued and before the assigned magistrate judge had occasion to screen plaintiff's sixth amended complaint, plaintiff filed a motion for reconsideration, requesting the court reconsider its prior decisions and to appoint counsel or an inmate to represent her in the action.[2] (Doc. No. 347.) On August 20, 2018, the court dismissed plaintiff's case for failure to obey a court order. (Doc. No. 353.)

## ANALYSIS

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment or order for various reasons, including: "(1) mistake . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; or (6) any other reason the justifies relief." "Generally, a motion for reconsideration 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Gibson v. Hagerty Ins. Agency*, No. 1:16-CV-00677-BAM, 2018 WL 4071242, at *1 (E.D. Cal. Aug. 27, 2018) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). The party seeking reconsideration must do more than disagree with the court's prior decision—it "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citations omitted). Pursuant to Local Rule 230(j), a party moving for reconsideration must identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff moves for reconsideration pursuant to Rule 60(b)(3), but does not allege that defendants engaged in fraud, misrepresentation, or misconduct. (*See* Doc. No. 355). Instead, her motion for reconsideration contends: (1) the court improperly dismissed her case; (2) that the

---

[2] A prior court order noted that at least eight such requests for appointment of counsel by plaintiff had been denied. (Doc. No. 353 at 1–2; *see also* Doc. No. 346 at 2.)

undersigned has exhibited prejudice against plaintiff's case; and (3), as a result of said prejudice, the undersigned should recuse himself from this matter. Plaintiff's motion for reconsideration is therefore construed as a motion for reconsideration pursuant to Rule 60(b)(6). The court answers each of plaintiff's arguments below.

First, the court properly dismissed plaintiff's case for failure to obey a court order. Plaintiff argues that the court violated Federal Rule of Civil Procedure 11(c), but the court did not impose sanctions pursuant to Rule 11. Plaintiff does not dispute, and the court will not repeat here, the inherent authority the court possesses to dismiss an action due to a plaintiff's failure to comply with a court order. (*See* Doc. No. 353 at 2.) Plaintiff contends that the court never defined or explained why her previous motions were "frivolous," (Doc. No. 355 at 7), but the court has explained to plaintiff why her requests for appointment of counsel are repetitive and groundless, (*see, e.g.* Doc. Nos. 14, 37, 54, 73, 110, 156, 202, 267), and has warned plaintiff multiples times of the need for her to comply with court orders and litigate this matter in a reasonable manner, and in particular to cease filing frivolous motions and other requests, (*see, e.g.*, Doc. No. 237 at 4–7; Doc. No. 282 at 4 n.3; Doc. No. 293 at 3–4, Doc. No. 346 at 3). Moreover, before the order of dismissal, the court expressly warned plaintiff that her filing of further frivolous requests, especially if filed before the undersigned had reviewed the pending findings and recommendations screening her most recent complaint, would almost certainly result in the imposition of terminating sanctions. (Doc. No. 346 at 3.) Nonetheless, plaintiff disobeyed that order. (*See* Doc. No. 347.) Plaintiff does not contend the court lacks authority to dismiss a case for failure to obey a court order but rather merely disagrees with the court's order of dismissal.

Second, plaintiff has not demonstrated the undersigned is prejudiced against her. Plaintiff contends the undersigned: "vehemently oppose[s] plaintiff getting an attorney," (Doc. No. 255 at 2); "personally does not want plaintiff to have a chance to win damages," (*id.* at 3); and has "behaved improperly by retaliating against plaintiff for appealing his decision to deny an attorney," (*id.* at 5). As an initial matter, these conclusory allegations of prejudice do not establish the undersigned is prejudiced against plaintiff. Moreover, plaintiff's allegations are

3

refuted by the record in this action. As discussed above and in numerous prior orders, the court only advised plaintiff that she is not entitled to appointed counsel in a civil action and that continuously asking the court to appoint counsel or otherwise revisit issues the court has already addressed, would result in the imposition of terminating sanctions. The court was not "eager[] [to] issue and justify terminating sanctions." (Doc. No. 355 at 4.) Rather, the court gave plaintiff multiple warnings to comply with court orders and litigate her case in a reasonable manner and also gave plaintiff two explicit warnings—with the final one bolded and explicitly noted as her final warning—to cease submitting frivolous motions with the court or face terminating sanctions. The plaintiff nevertheless chose to file another frivolous motion.

Finally, plaintiff's request that the undersigned recuse himself from this matter is not persuasive. "In federal court, 28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief." *Bolin v. Davis*, No. 1:17-cv-00985-LJO-SAB, 2018 WL 2010435, at *2 (E.D. Cal. Apr. 30, 2018). Here, plaintiff has not provided a timely or sufficient affidavit in support of her request. Additionally, plaintiff's motion makes conclusory allegations of prejudice based on the undersigned's rulings, but these allegations, even if included in a timely affidavit, would "fall short of stating facts that would justify recusal." *Id.* (citing *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995), *as amended* (May 24, 1995)). "Disqualification of a federal judge [is also] available under 28 U.S.C. § 455 in cases where the judge's impartiality might reasonably be questioned." *Id.* However, "[u]nsubstantiated allegations of personal bias or prejudice do not require disqualification" and "[t]here is a presumption of honesty and integrity in those serving as adjudicators." *Id.* (internal quotation marks and citations omitted). Here, because plaintiff's allegations are unsubstantiated, they are not sufficient to warrant disqualification. *See id.* ("[R]ulings by a court . . . are not a basis for disqualification unless the judge's actions display a deep-seated favoritism or antagonism that would make fair judgment impossible.") (internal quotation marks and citation omitted).

/////

4

For the reasons explained above,

1. Plaintiff's motion for reconsideration (Doc. No. 355) is denied;
2. The case is to remain closed; and
3. No further orders will issue in response to unauthorized filings by plaintiff.

IT IS SO ORDERED.

Dated: **October 22, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE